## JAMES H. BULLOCK *v.* EDWIN A. BOLLES.

A plea in abatement which sets out that prior to the commencement of the case at bar, a writ was sued out for the Court of Common Pleas, to be holden at Providence, within and for the county of Providence, on the first Monday of June, A. D. 1870, in which the defendant was impleaded in an action for the same cause as in the writ and declaration in the action at bar, and that the parties were the same, and that said writ remains in full force and undetermined, is defective and insufficient, unless it refers to the record of said prior action.

It is necessary to allege, in such a plea, in what court the prior action is pending. If it be a court of inferior jurisdiction it is not pleadable in abatement.

Any defect in a plea in abatement which could be reached by a special demurrer, may be taken advantage of on general demurrer.

ASSUMPSIT upon a promissory note. · The facts of the case, which was heard upon the plaintiff's general demurrer to the defendant's plea in abatement, as well as the nature of the said plea, are fully stated in the opinion of the court.

*Aldrich and Jenckes, for the plaintiff,* in support of the demurrer, contended—

I. That a subsequent suit is not abatable unless the prior suit is entered in court, for it must appear *of record* that the two actions are for the same cause, and that the first was pending when the second was commenced. *Clifford* v. *Coney,* 1 Mass. 494; *Commonwealth* v. *Churchill,* 5 Mass. 174, and cases cited.

II. That a plea of another action pending must be accompanied with an enrolment or recital of the writ and declaration in the action pleaded as pending, otherwise the plea will be bad on demurrer. *Smith* v. *Atlantic Mutual Fire Insurance Co.* 2 Foster, (22 N. H.) 21.

*C. P. Robinson, for defendant, contra.*

Bullock *v.* Bolles.

BRAYTON, C. J.   This action is brought to recover of the defendant the amount of a promissory note made by him, and payable to the plaintiff, for the sum of $300, and the declaration also contains the common money counts for the sum of $300.   The action was commenced at the March term, 1870, of the Supreme Court for this county, by the service of the writ upon the defendant on the 24th day of January, 1870.

And the defendant has pleaded in abatement that, on the 20th day of December preceding, the plaintiff sued out a writ from the Court of Common Pleas, to be holden at Providence, within and for the county of Providence, on the first Monday of June, 1870, in which writ the defendant was impleaded in an action of the case for the same cause as in the writ and declaration in this action, and that the parties were the same, (the said Bullock and the said Bolles,) and that the writ sued out of the Court of Common Pleas was duly served upon defendant, and remains in full force and undetermined.

To this plea the plaintiff has filed a general demurrer, and, the plea being one in abatement, the demurrer is in effect, as to this plea, special.   And the question is, if there be any defect in the plea which can be reached by a special demurrer.

The defect of this plea, it is objected, is, that it does not appear by the pleading that the prior action in which the defendant is alleged to have been interpleaded ever was matter of record, and that it is necessary that it should be of record to be matter of abatement, and be referred to by saying, "as by the record thereof remaining in said court appears," giving the plaintiff the opportunity to reply *nul tiel record.*

In support of this the plaintiff has cited the case of *Clifford* v. *Coney,* 1 Mass. 494, which holds that the plea must state matter on record, and refer to it as by the record thereof, &c.   Another case cited is *Commonwealth* v. *Churchill,* 5 Mass. 174, affirming the first, and holding that the writ in the suit pleaded in abatement, before it can be pleaded, must be returned and entered, and that until then it cannot be said to be pending in court.

We have been furnished with no authority to the contrary by the defendant's counsel, and he replies only by urging that

Bullock *v.* Bolles.

he has alleged " the suing out the writ from the Court of Common Pleas wherein he is impleaded, its service upon the defen- dant, and that it is still undetermined." This does not seem to us a sufficient reply; it does not impugn the cases, or distinguish between them and the case at bar.

A writ not returned, say the books, is not matter of record. If not returned, the writ itself must be produced, and can not otherwise be proved. If it has been returned, then it is a record, and may be proved, as every other record may, by an examined copy. 2 Starkie, 285.

Buller (N. P. 234) says, if a writ be matter of inducement only, it may be proved by the production of the writ itself with- out a copy of the record; but when the writ is the gist of the action, you must have a copy of the record; inasmuch as you must have the utmost evidence the nature of the thing is capa- ble of, and it cannot become the gist of the action till its return.

Bacon's Abridgment, treating of pleas of this kind, lays down the rule that when it appears of *record* that another action is pending for the same matter, it may be pleaded in abatement. All the cases are consistent with the rule as thus laid down in *Sparry's case*, 5 Co. 61.

The old difference in the books was between writs which comprehend certainty, a debt determined, and writs which com- prehend no certainty, as in writs of trespass for goods, assize, &c. If certain, it is a good plea to say the writ is brought pending another; but in writs personal or mixed, where no cer- tainty is contained, then it is no plea. But after declaration it is made certain, and then the plea is good; the generality is reduced to certainty.

No question seems to have been made as to writs never re- turned. All the cases are of writs returned when the plaintiff had not declared, as by the English practice he was not required to do, till after the return of the writ, and sometimes long after.

In the case referred to in Coke as example, (22 Hen. VI. 52,) it was part of the plea that the plaintiff had declared in a writ of trespass, and as this had made it certain, the plea was held good; but in 20 Hen. VI. 445, the plea was held bad in that it

did not aver that the plaintiff had declared in trespass. In an assize of novel disseisin, 14 Ed. III. B. 270, the plea was another writ depending, of the same tenements, between the same parties. The writ of assize was held good, the plea bad, because the plaint was not made in the first writ, so that *non potest constare* of what tenement it was.

In *Queen* v. *Harris*, Cro. Eliz. 261, *prior reforme* was pleaded ; objection, no writ alleged to have issued ; answer, on the filing of the information it became matter of record without any process, so it is not like other writs. It is immediately depending, though no writ.

In *Armitage* v. *Row*, 12 Mod. 91, there was a motion by defendant that the plaintiff might file his original writ and enter up the issue on the record, for he had been arrested three times for the same cause, and he doubted if he might plead another action pending with a joint *petet per recordum* before it. The issue was entered up. *Per curiam :* He may ; and if he do not enter it you may, without any motion in court, give a rule to enter it. The marginal note is that it may be pleaded, another action pending before the issue is entered up. But the whole matter was in court, and the court were dealing with it, so that they could make an order in it upon the parties. The motion itself shows the understanding of the counsel and the court, that it was necessary, to the validity of the plea, that the case should be so pending in court that the party could of the allegation say, " as by the record remaining in said court appears."

With the rule as stated in Bacon, all the precedents of this plea agree. They all state that the party was impleaded, not in the writ, but in the court, naming the court and the term thereof. They all assume that the action is in that court, pending in it, became matter of record there ; so that it may be properly said of the matter pleaded, that it appears of record.

It is necessary to allege in what court the action is depending ; for if it be not in some one of the superior courts, but in a court of inferior jurisdiction, it is not pleadable in abatement. And so are all the precedents.

*Demurrer sustained.*