J. N. POLSEY & CO. *vs.* WHITE ROSE MANUFACTURING COMPANY.

A plea in abatement of the pendency of a prior suit between the same parties for the same cause of action should aver the return and entry of the writ in the former action in court, and its pendency at the time of the filing of the plea. It is not sufficient to aver merely that the former suit was pending at the time of the issuing of the writ in the second action, for until a writ has been returned and entered in court it is not a record, and is not pending in court.

ASSUMPSIT. Certified from the Common Pleas Division, jury trial being waived.

*June* 8, 1896. MATTESON, C. J. This is an action of *assumpsit* to recover money due on book account. The case was certified to us by the Common Pleas Division, on the waiver of jury trial. The defendant pleads in abatement that on January 14, 1896, before the commencement of this suit, the plaintiffs had sued out of the District Court of the Tenth Judicial District a writ of attachment against the defendants for the identical cause of action set forth in the declaration in this suit, that the parties in this and the former suit are the same, and that the former suit at the time of the issuing of the writ in the present action was still pending.

The question is whether the plea is sufficient. We think not. The plea does not aver the return and entry of the writ in the former action in court, and its pendency at the time of the filing of the plea, but only its pendency at the time of the issuing of the writ in this action. Until a writ has been returned and entered in court it is not a record, and cannot be said to be pending in court. The requirements of a good plea in abatement of the pendency of another suit were considered in *Bullock* v. *Bolles*, 9 R. I. 501, and the decision in that case must be regarded as conclusive of the present.

Plea overruled.

*Thomas P. Barnefield*, for plaintiffs.

*Hugh J. Carroll*, for defendant.