# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 9, 2010 Session

## LAMAR TENNESSEE, LLC d/b/a LAMAR ADVERTISING OF TENNESSEE and TLC PROPERTIES, INC.
### v.
## MURFREESBORO BOARD OF ZONING APPEALS and CITY OF MURFREESBORO, TENNESSEE

**Appeal from the Chancery Court for Rutherford County**
**No. 07-1322CV      Royce Taylor, Judge (by designation)**

---

**No. M2009-01456-COA-R3-CV - Filed April 30, 2010**

---

This appeal concerns a billboard permit. The petitioner billboard owner applied to the respondent city for a permit to tear down and replace a grandfathered billboard. The city granted a permit for an indirectly illuminated billboard. The owner then built a billboard with a digital display face. The city revoked the owner's permit because, *inter alia*, the sign actually constructed varied from the permit. The owner appealed to the city's board of zoning appeals, which upheld the city's revocation of the billboard permit. The billboard owner filed a petition for a writ of certiorari, seeking judicial review of the revocation. The trial court dismissed the billboard owner's petition, finding that the city's revocation of the permit was valid because the billboard erected by the owner was not covered by the permit. The billboard owner now appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Lawrence P. Leibowitz and Jennifer L. Knapp, Knoxville, Tennessee, for the appellants, Lamar Tennessee, LLC d/b/a Lamar Advertising of Tennessee and TLC Properties, Inc.

David A. Ives, Susan Emery McGannon, and William E. Squires, Murfreesboro, Tennessee, for the appellees, Murfreesboro Board of Zoning Appeals and City of Murfreesboro, Tennessee

# OPINION

## FACTS AND PROCEDURAL HISTORY

Petitioner/Appellant Lamar Tennessee, LLC ("Lamar") is engaged in the business of outdoor advertising, *i.e.*, billboards, throughout Tennessee, doing business as Lamar Advertising of Tennessee.[1] Lamar leases parcels of real property for the purpose of erecting and maintaining billboards. This appeal involves a billboard located at 1804 Old Fort Parkway, within the Respondent/Appellee City of Murfreesboro, Tennessee ("City").

The billboard at 1804 Old Fort Parkway was first erected in September 1984. At the time, it was apparently outside of Murfreesboro's city limits. The structure consisted of a monopole support beam with two billboard faces at the top of the pole. The billboard faces were indirectly illuminated with exterior lights positioned to shine on the billboard faces at night. At some point, the City apparently annexed or took in the land on which the sign was located. Later, the City enacted zoning and sign ordinances. The Old Fort Parkway billboard did not conform to the new ordinances, but it was "grandfathered"[2] and thus considered to be a preexisting, nonconforming but legal use.[3]

---

[1] The property on which the billboard at issue is located is owned by Petitioner/Appellant TLC Properties, Inc., and we use the term "Lamar" as inclusive of both Appellants.

[2] "A grandfather clause is defined as 'an exception to a restriction that allows all those already doing something to continue doing it, even if they would be stopped by the new restriction.' " ***Outdoor W. of Tenn., Inc. v. Johnson City***, 39 S.W.3d 131, 135 (Tenn. Ct. App. 2000) (quoting BLACK'S LAW DICTIONARY 629 (5th ed. 1979)).

[3] Tennessee Code Annotated § 13-7-208 provides in pertinent part:

> (b)(1) In the event that a zoning change occurs in any land area where such land area was not previously covered by any zoning restrictions of any governmental agency of this state or its political subdivisions, or where such land area is covered by zoning restrictions of a governmental agency of this state or its political subdivisions, and such zoning restrictions differ from zoning restrictions imposed after the zoning change, then any industrial, commercial or business establishment in operation, permitted to operate under zoning regulations or exceptions thereto prior to the zoning change shall be allowed to continue in operation and be permitted; provided, that no change in the use of the land is undertaken by such industry or business.

T.C.A. § 13-7-208(b)(1) (2009 Supp.).

On May 17, 2004, Lamar submitted an application to the City's Building and Codes Department for a permit to demolish and rebuild the Old Fort Parkway billboard.[4] As per the City ordinances, Lamar attached to the application certified engineering plans of the proposed billboard and a survey of the property.[5] The application and engineering plans indicated that the new billboard would have illuminated trivision faces,[6] and did not specify whether the illumination would be internal or external.

---

[4]Tennessee Code Annotated § 13-7-208 provides in pertinent part:

> (d) Industrial, commercial, or other business establishments in operation and permitted to operate under zoning regulations or exceptions thereto immediately preceding a change in zoning shall be allowed to destroy present facilities and reconstruct new facilities necessary to the conduct of such industry or business subsequent to the zoning change; provided, that no destruction and rebuilding shall occur which shall act to change the use classification of the land as classified under any zoning regulations or exceptions thereto in effect immediately prior to or subsequent to a change in the zoning of the land area on which such industry or business is located. No building permit or like permission for demolition, construction or landscaping shall be denied to an industry or business seeking to destroy and reconstruct facilities necessary to the continued conduct of the activities of that industry or business, where such conduct was permitted prior to a change in zoning; provided, that there is a reasonable amount of space for such expansion on the property owned by such industry or business situated within the area which is affected by the change in zoning, so as to avoid nuisances to adjoining landowners.
> . . . .
> (h) The provisions of subsections (b)-(d) shall apply to an off-site sign . . ..

T.C.A. § 13-7-208 (2009 Supp.).

[5]The Murfreesboro City Code provides in pertinent part:

> (6) For ground signs on-site less than thirty-five feet in height, two dimensional sketches showing the height, shape and surface area display of the sign; two dimensional sketches of the foundation for the sign; and, two dimensional site plans, showing the location of the sign on the site are required. . . .
> (7) For ground signs on-site greater than thirty-five feet in height, the same as required in subsection (6) above, except all plans required must be drawn to scale and must be sealed by a registered Tennessee engineer, . . ..
> (8) For off-site ground signs, scaled site plans showing the same as subsection (7) above, plus location plans showing spacing of existing off-site permanent ground signs within one thousand feet on the same side of the street or interstate highway in both directions.

MURFREESBORO, TENN., CODE § 25¼ - 20(B) (2007). We note that Lamar applied for the permit in 2004, and it is unclear from the record whether the provisions of section 25¼ - 20(b) were in effect at the time.

[6]A trivision billboard face has mechanically rotating panels that allow the display of three different advertisements at intervals.

After some delay, on October 19, 2004, the Director of Murfreesboro's Building and Codes Department, Betts Nixon ("Director Nixon"), sent a letter to Lamar informing it that a permit would issue for the project. The letter, however, contained a caveat; the new sign could not overhang a nearby right of way and could not contain moving devices. In the letter, Director Nixon pointed out to Lamar that trivision billboard displays were prohibited by City ordinances and confirmed a prior conversation with Lamar's agent in which Lamar's agent stated affirmatively that the new billboard would not have trivision faces.

On November 12, 2004, the City issued permit number S5153 ("first permit") to Lamar. The permit specified that it was for construction of an "Indirect Illuminated Billboard" and described the work as follows: "Remove Existing Monopole Sign. Replace With New 10'6" X 36' (378 Sq. Ft.) Monopole/Billboard Sign Per Plans Submitted." Under a section titled "Special Conditions," the permit referenced Director Nixon's prior letter to Lamar and reiterated the conditions in the letter, namely, that the new sign must not overhang the nearby right of way and must not contain moving devices.

For reasons not apparent in the record, Lamar allowed the first permit to expire. In a letter dated March 24, 2006, Lamar requested renewal of the first permit, attaching a photocopy of the first permit and stating: "Lamar desires to perform the exact work as outlined in our permit." In response, the City issued permit number SN-06-1059 ("second permit") to Lamar on April 12, 2006. As with the first permit, the second permit was for demolition of the existing structure and construction of a "New 10'6" x 36' Billboard Per Plans Submitted And Notes Attached." The referenced notes included the same conditions specified in Director Nixon's October 2004 letter, that the new sign must not overhang the nearby right of way and must not contain moving devices.

For reasons again not in the record, the second permit was allowed to expire on October 12, 2006. The next month, the City issued to Lamar permit number SB-06-6397 ("third permit"). The third permit had the same specifications and conditions. The third permit also attached photocopies of Director Nixon's October 2004 letter, the March 2006 letter in which Lamar requested renewal of the first permit, and the first permit itself.

After obtaining the third permit in November 2006, Lamar began demolition of the Old Fort Parkway billboard. By February 20, 2007, demolition of the existing structure was complete. The next day, the City's Building and Codes Department sign inspector approved the footing for the new billboard structure. The new structure was built, and at some point, Lamar erected an indirectly illuminated billboard panel on one face of the new billboard, as specified in the permit.

In the meantime, the Building and Codes Department conducted a study on electronic signs focusing on the feasibility of regulating their high intensity brightness and rapidly changing imagery. The study ultimately concluded that such regulation was not feasible and recommended a prohibition on all electronic message signs. After receiving the results of the study, on January 25, 2007, the City enacted a moratorium on electronic message center signs.[7]

On March 3, 2007, Lamar mounted a display on the other face of the newly constructed billboard on Old Fort Parkway, utilizing newer technology, a digital display. The digital display on the billboard was an internally illuminated electronic device, much like a television screen, that permitted multiple static image advertisements to be displayed in three, six, or ten-second intervals.[8] The new billboard was not immediately illuminated, pending City inspection. Five days later, the Building and Codes Department sign inspector made the final inspection and approved the new structure.

On March 13, 2007, Lamar activated the Old Fort Parkway billboard with the digital display. The City's sign inspector immediately noticed the digital display on the billboard and reported it to the Building and Codes Department. Discussions ensued between the City and Lamar, with no resolution of the dispute.

The City then revoked Lamar's third billboard permit pursuant to section 25¼ - 20(I) of the Murfreesboro City Code,[9] and on March 27, 2007, notified Lamar of the sign permit revocation. The notice of revocation stated that the digital display on the Old Fort Parkway structure "violate[d] the conditions of the permit, [and was] not in accordance with the submitted plans," and specified as well that the digital display violated the prohibition in the

---

[7]On April 19, 2007, the City Council amended the ordinance to prohibit electronic message center signs.

[8]Tennessee's Billboard Regulation and Control Act of 1972, applicable to outdoor advertising adjacent to interstate and primary highways, defines the term "digital display" as:

> "Digital display" means a type of changeable message sign that displays a series of messages at intervals through the electronic coding of lights or light emitting diodes or any other means that does not use or require mechanical rotating panels.

T.C.A. § 54-21-102(6) (2008).

[9]Section 25¼ - 20(I) provides: "*Permit revocation.* Permits issued under this chapter shall be valid for the life of the sign approved. However, any permit may be revoked by the Chief Building Official upon determination that the sign is not in full compliance with the provisions of this chapter." MURFREESBORO, TENN., CODE § 25¼ - 20(I) (2007).

Murfreesboro City Code against flashing signs[10] and electronic message center signs with commercial messages. Lamar then appealed the permit revocation to the Respondent/Appellee Murfreesboro Board of Zoning Appeals ("BZA").[11]

On June 27, 2007, the BZA conducted a hearing on Lamar's appeal. The documents submitted at the hearing included photocopies of the permits, the correspondence between Lamar and the City, and photographs of the billboard with digital display. The BZA then voted unanimously to dismiss Lamar's appeal.

On August 22, 2007, Lamar filed a petition for a writ of certiorari in the Rutherford County Chancery Court ("trial court"), seeking judicial review of the billboard permit revocation. The petition named the City and the BZA as respondents (collectively, "Respondents"). In the petition, Lamar alleged that the Respondents exceeded their jurisdiction and acted arbitrarily, capriciously, and illegally in revoking the permit.[12]

The writ was issued and the administrative record was filed. Thereafter, the Respondents answered Lamar's petition and denied the allegations.[13]

Subsequently, the BZA filed a motion to supplement the record to include engineer certified drawings purportedly showing that Lamar's billboard as actually constructed varied significantly from the plans submitted with Lamar's application for the first permit. The trial court denied the motion on the basis that the limited scope of review in writ of certiorari proceedings precluded such supplementation of the record.

After a hearing on Lamar's petition, the trial court issued a written order on June 15, 2009. In the order, the trial court concluded that the BZA acted within its authority in upholding

---

[10]The notice of revocation indicated that a flashing sign was defined as a "sign, the illumination of which is on or off... changes color, or which displays any movement or simulates movement..."

[11]On June 5, 2007, the City sent Lamar a supplemental notice of revocation adding another basis for revocation, the catch-all provision of the ordinance governing signs, section 25¼ - 24(A)(23), which prohibited Lamar's billboard because it was not of the type expressly permitted by the Murfreesboro City Code.

[12]The case was originally assigned to Chancellor Robert E. Corlew, III. After Chancellor Corlew recused himself, the case was assigned to Judge Royce Taylor.

[13]With their answer, the Respondents filed a motion to dismiss the City and TLC Properties, Inc., arguing that they were not proper parties to the petition. The record does not contain an order disposing of the motion.

the permit revocation because Lamar's billboard permit did not cover the digital display that Lamar included on the billboard that it built. The trial court stated:

> The City granted a permit to construct a sign, however nowhere in the application or engineering plans was any indication that the sign would contain a digital sign face. The original permit which was reissued had indicated that the sign face would be externally illuminated. . . . Lamar Advertising cannot now complain that the Murfreesboro Board of Zoning Appeals has revoked their permit to build a sign structure when they knowingly failed to submit plans to the City that included the digital face specifications.

Thus, the trial court determined that the billboard permit issued to Lamar covered only an indirectly illuminated billboard face, and Lamar had knowingly installed a digital display billboard face in contravention of the permit, without submitting revised plans to the City. Accordingly, the trial court dismissed Lamar's petition. Lamar now appeals.

### ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Lamar argues that the BZA erred in upholding the permit revocation, and that the trial court erred in upholding the BZA ruling. Lamar also contends that it is entitled to protection under Tennessee Code Annotated § 13-7-208 because its billboard is a preexisting nonconforming legal use. Pursuant to section 13-7-208, Lamar asserts that it was entitled to demolish, rebuild and expand its billboard operation on Old Fort Parkway regardless of any provision to the contrary in the City's ordinances.

The Respondents argue on appeal that the trial court erred in denying their motion to supplement the record.

In certiorari proceedings, reviewing courts apply a very limited standard of review. *State ex rel. Moore & Assocs., Inc. v. West*, 246 S.W.3d 569, 574 (Tenn. Ct. App. 2005). The decision of the lower tribunal will be set aside only if the reviewing court concludes "that [the] decision maker exceeded its jurisdiction, followed an unlawful procedure, acted illegally, arbitrarily, or fraudulently, or acted without material evidence to support its decision." *Id.* (citing *Petition of Gant*, 937 S.W.2d 842, 844-45 (Tenn. 1996)). Thus, the reviewing court is not permitted to "(1) inquire into the intrinsic correctness of the lower tribunal's decision, (2) reweigh the evidence, or (3) substitute [its] judgment for that of the lower tribunal." *Robinson v. Clement*, 65 S.W.3d 632, 635 (Tenn. Ct. App. 2001) (citations omitted). This limited standard of review applies to both the trial court and to this Court. *Wright v. Tenn. Peace Officer Standards & Training Comm'n*, 277 S.W.3d 1, 8 (Tenn. Ct. App. 2008) (citing *Ware v. Greene*, 984 S.W.2d 610, 614 (Tenn. Ct. App. 1998)).

We review the trial court's decision to deny the introduction of new evidence to supplement the record under an abuse of discretion standard. ***Weaver v. Knox County Bd. of Zoning Appeals***, 122 S.W.3d 781, 784 (Tenn. Ct. App. 2003) (citing ***Martin v. Martin***, 755 S.W.2d 793, 797 (Tenn. Ct. App. 1988)).

## ANALYSIS

Lamar argues that Respondents exceeded their authority and acted arbitrarily, capriciously, and illegally by revoking Lamar's permit pursuant to the City's ordinances when Lamar had an absolute right to demolish and rebuild the Old Fort Parkway billboard under the Tennessee Code Annotated. In support of its argument, Lamar points out that billboards, including digital billboards, were not prohibited by the City's ordinances at the time and place that the Old Fort Parkway billboard was first erected. As such, Lamar contends that under the grandfather statute, Tennessee Code Annotated § 13-7-208(b)(1), Lamar was entitled to continue its billboard operations at the Old Fort Parkway location. Moreover, Lamar contends that under Tennessee Code Annotated § 13-7-208(d) Lamar was entitled to tear down and rebuild the billboard so long as the use of the land did not change.

Citing Tennessee Code Annotated § 13-7-208(c), Lamar maintains that it was entitled to expand its operations at the Old Fort Parkway location and suggests that the statute impliedly authorizes advances in modern technology within the rubric of expansion. Analogizing the change in billboard faces to the change from wooden support beams to steel support beams, Lamar argues that the digital sign face is simply a modernization expansion of Lamar's billboard operations. Thus, Lamar contends that it had an absolute right under Tennessee Code Annotated § 13-7-208 to demolish, rebuild and install a digital face billboard at the Old Fort Parkway location. Accordingly, Lamar argues that the Respondents acted illegally by revoking the permit pursuant to the City's ordinances because the City's ordinances cannot trump the Tennessee Code Annotated.

In response, the Respondents argue that the revocation of Lamar's permit was lawful because the permit covered only an indirectly illuminated billboard face, and the digital display billboard Lamar actually erected was not within the scope of the permit. Consequently, the Respondents assert, reference to Tennessee Code Annotated § 13-7-208 is unnecessary. In the alternative, citing section 13-7-208(b)(2),[14] the Respondents argue that the revocation of

---

[14] Tennessee Code Annotated § 13-7-208(b)(2) provides:

> When the use permitted to continue to expand, or to be rebuilt pursuant to any subsection
> of this section is an off-premises sign, such use shall not preclude any new or additional

(continued...)

Lamar's permit was lawful because the digital display on the billboard constituted a new structure that violated the City's ordinances at the time the permit was granted.

It is undisputed on appeal that, for Lamar to demolish and rebuild a preexisting and nonconforming billboard protected under Tennessee Code Annotated § 13-7-208, it needed to obtain a valid permit from the municipality in which the billboard is located, here, the City of Murfreesboro. *See Universal Outdoor, Inc. v. Tenn. Dep't of Transp.*, No. M2006-02212-COA-R3-CV, 2008 WL 4367555, at *8 (Tenn. Ct. App. Sept. 24, 2008) (referencing *Outdoor W. of Tenn., Inc. v. Johnson City*, 39 S.W.3d 131 (Tenn. Ct. App. 2000)); *see also Tenn. Dep't of Transp. v. Thomas*, No. W2008-00853-COA-R3-CV (Tenn. Ct. App. Apr. 27, 2010). To that end, Lamar submitted a billboard application to the City, attaching an engineer certified plan for an illuminated trivision billboard. The permit ultimately granted by the City provided for construction only of an "Indirect Illuminated Billboard." It is also undisputed that the billboard Lamar constructed included a digital display on one face rather than the permitted indirectly illuminated billboard face. Thus, the billboard constructed by Lamar was not within the description on the City permit issued to Lamar.

Lamar argues that, under Tennessee Code Annotated § 13-7-208, it is allowed to tear down and reconstruct its grandfathered billboard. *See* Tenn. Code Ann. § 13-7-208(b)(1), (d) (2009 Supp.). Lamar obtained a valid City permit to tear down and reconstruct its billboard which contained certain conditions, *i.e.*, the sign would not overhang the right-of-way, it would not include moving devices, and it would not include trivision moving panels. Lamar notes that the billboard that was ultimately erected did not violate any of these explicit conditions.

Lamar argues that the digital display on the Old Fort Parkway billboard is not a significant deviation from the permit that was issued; it simply allows Lamar to continue its business, as specifically allowed under section 13-7-208(c).[15] Lamar asserts that "[t]he City did not

---

[14](...continued)
> conforming use or structure on the property on which the sign structure is located or on any adjacent property under the same ownership; provided, however, that any such new or additional use or structure does not result in any violations of the applicable zoning restrictions other than those nonconformities associated with the off-premises sign as allowed under this subdivision (b)(2).

T.C.A. § 13-7-208(b)(2) (2009 Supp.).

[15]Subsection (c) states: "No building permit or like permission for construction or landscaping shall be denied to an industry or business seeking to expand and continue activities conducted by that industry or business which were permitted prior to the change in zoning." T.C.A. § 13-7-208(c) (2009 Supp.).

ask for any other set of plans, and cannot now argue that they did not know what was being built."

It is undisputed on appeal that, for Lamar to tear down and reconstruct its nonconforming but legal billboard under section 13-7-208, it must first obtain a valid permit from the municipality. Lamar argues in essence that it may withhold from its City permit application its intent to put a digital display on the newly constructed billboard, and then upon revocation of the permit for having a digital display, it should be allowed to argue that the City must accede to having a digital display on the new billboard.

This argument is without merit. Had Lamar disclosed to the City its intent to place a digital display on the reconstructed billboard, and had the City then denied a permit on that basis, Lamar could argue to a reviewing court that the City is required to issue it a permit for a billboard with a digital display. However, Lamar chose not to disclose this crucial information in its permit application. The City was entitled to this information in making its decision on Lamar's permit application, and can validly revoke Lamar's permit on the grounds that the billboard that was constructed was not as described in the permit that was issued. Thus, we do not reach the issue of whether Lamar would have been entitled under section 13-7-208 to a permit for a billboard with a digital display had it disclosed this information to the City in its permit application.

This holding pretermits all other issues on appeal.

### CONCLUSION

The decision of the trial court is affirmed. The costs on appeal are taxed to the Respondent/Appellants Lamar Tennessee, LLC and TLC Properties, Inc., and their surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE