IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 26, 2010 Session

# CITY OF MURFREESBORO, TENNESSEE v. LAMAR TENNESSEE, LLC, d/b/a LAMAR ADVERTISING OF TENNESSEE, INC., ET AL.

**Appeal from the Circuit Court for Rutherford County**
**No. 59348     Royce Taylor, Judge**

---

**No. M2010-00229-COA-R3-CV - Filed February 28, 2011**

---

The trial court dismissed the City's request for injunctive relief to enforce a permit revocation on the common law grounds of prior suit pending based on a pending certiorari action challenging the revocation. Because an original action for injunctive relief cannot be joined with a certiorari action that is appellate in nature, the rule of prior suit pending does not apply. Accordingly, we reverse the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

David A. Ives, Susan Emery McGannon, Murfreesboro, Tennessee, for the appellant, City of Murfreesboro, Tennessee.

Lawrence P. Leibowitz, Jennifer L. Knapp, Knoxville, Tennessee, for the appellees, Lamar Tennessee, LLC, d/b/a Lamar Advertising of Tennessee, Inc., and TLC Properties, Inc.

## OPINION

The City of Murfreesboro ("the City") brought this suit for injunctive relief to require Lamar Tennessee, LLC ("Lamar") to cease the use of an electronic billboard. The trial court dismissed the City's request for injunctive relief on December 17, 2009, and the City appeals.

The billboard at issue was the subject of a prior lawsuit wherein Lamar sought a writ of certiorari challenging the decision of the Murfreesboro Board of Zoning Appeals ("Board") to uphold revocation of Lamar's sign permit for the billboard. The permit was

revoked because the digital display face on the billboard varied from the terms of the permit and violated the City code prohibiting electronic message center signs. The circuit court dismissed Lamar's petition for a writ of certiorari challenging the revocation. The Court of Appeals affirmed the trial court's dismissal in *Lamar v. Murfreesboro Bd. of Zoning Appeals*, M2009-01456-COA-R3-CV, 2010 WL 1742077 (Tenn. Ct. App. April 30, 2010) *perm. app. den*. Dec. 7, 2010.

The City filed the present action to enforce the permit revocation. The City's complaint for injunctive relief asked the trial court to order Lamar "to cease providing electricity to the electronic sign face so as to prevent it from being used as a sign." Lamar moved to dismiss this action based upon the common law doctrine of prior suit pending. Finding that the elements of the prior suit pending defense were present, the trial court dismissed the City's suit for injunctive relief. The City appealed.

To determine whether this action for injunctive relief should have been dismissed based on the fact that a prior certiorari action was pending, it is crucial first to understand the nature of a certiorari proceeding.

## I. CERTIORARI PROCEEDING

A common law writ of certiorari provides a vehicle for a court to remove a case from a lower tribunal to determine whether there has been "a failure to proceed according to the essential requirements of the law." *Clark v. Metropolitan Gov't of Nashville and Davidson County*, 827 S.W.2d 312, 316 (Tenn. Ct. App. 1991) (concurring opinion) (citing *Gallatin Beer Regulation Comm'n v. Ogle*, 206 S.W.2d 891, 893 (Tenn. 1948)). The common law writ does not bring up for determination any question or issue except whether the inferior board or tribunal exceeded its jurisdiction or acted illegally or arbitrarily. *Hoover Motor Express Co. v. Railroad & Public Utilities Comm*, 261 S.W.2d 233, 238 (Tenn. 1953). Under the writ only questions of law are reviewed by the court based upon the record before the lower tribunal. *Id*. at 237.

It has been consistently held that the common law *writ of certiorari*, which is appellate in nature, is incompatible with an original action, and the two cannot be brought together.

> Before considering the first issue, we wish to heartily condemn that which appears to us to be a growing practice, i.e., the joinder of an appeal with an original action and the simultaneous consideration of both at the trial level. This Court is of the firm opinion that such procedure is inimical to a proper review in the lower certiorari Court and creates even greater difficulties in the Court of Appeals. The necessity of a separation of appellate review of a matter

and trial of another matter ought to be self evident. In the lower Court one is reviewed under appropriate Appellate rules and the other is tried under trial rules. In this Court our scope of review is dependent upon the nature of a proceeding. In this case one matter would be limited by rules of certiorari review and the other would be reviewed under 13(d), Tennessee Rules of Appellate Procedure. Like water and oil, the two will not mix.

. . . . .

We believe that the continued practice of joining appellate jurisdiction and original jurisdiction in one hearing will lead to procedural chaos bogged down in a quagmire of legal conflicts with reasoned law sinking in the quicksands of confusion.

*Goodwin v. Metropolitan Bd. of Health*, 656 S.W.2d 383, 386-87 (Tenn. Ct. App. 1983).

The principle that an original action may not be joined with a petition for certiorari which is appellate in nature has been upheld on numerous occasions. *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 870 (Tenn. Ct. App. 2008); *Tennessee Environmental Council v. Water Quality Control Bd.*, 250 S.W.3d 44, 58 (Tenn. Ct. App. 2007); *Byram v. City of Brentwood*, 833 S.W.2d 500, 501 (Tenn. Ct. App. 1991).

The purpose of the common law writ of certiorari is not to enforce the decision of the lower board or commission, but simply to review it within the very narrow confines of the writ. The remedies available under the writ are quite narrow. Relief available under the writ is generally limited to vacating the finding and remanding the matter to the lower tribunal. Cantrell, B., *Review of Administrative Decisions by Writ of Certiorari in Tennessee*, 4 MEM ST. UNIV. L. REV 19, 32 (1977).

## II. PRIOR SUIT PENDING DOCTRINE

The doctrine of prior suit pending is based on the ancient common law rule that a party "shall not be . . . twice vexed for one and the same cause." *West v. Vought Aircraft Industries*, 256 S.W.3d 618, 622 (Tenn. 2008) (quoting Sparry's Case (1591) 77 Eng. Rep. 148, 148 (Exch.)). Under this rule, a party's action could be barred on procedural grounds if there was a prior suit pending in the same jurisdiction for the same cause of action. *Id*.

This doctrine has become a part of American common law, and has been adopted by the courts of Tennessee. Our Supreme Court has set forth four essential elements a party must establish to show it is entitled to the prior suit pending doctrine:

1.    the lawsuits must involve identical subject matter;
2.    the lawsuits must be between the same parties;
3.    the former lawsuit must be pending in a court having subject matter jurisdiction over the dispute; and
4.    the former lawsuit must be pending in a court having personal jurisdiction over the parties.

*Id*. at 623 (quotation omitted).

In the City's current action for injunctive relief, the City is asking the trial court to enjoin Lamar from violating the sign ordinance. Even assuming such an alleged violation was in existence at the time of the certiorari petition, the trial court was limited in the earlier proceeding to reviewing the Board's decision to deny the permit. Under *Goodwin* and its progeny, the trial court could not take up the claim for injunctive relief.

While the second, third, and fourth elements of the prior suit pending doctrine are satisfied, the first element is absent. The two cases do not involve the identical subject matter, and the trial court thus could not have heard the issue the City raises in its complaint or granted injunctive relief in the certiorari proceeding.

### III. CONCLUSION

Consequently, we reverse the trial court's decision to dismiss the City's action for injunctive relief, and we remand this case to the trial court for further proceedings. Costs of appeal are taxed to Lamar Tennessee, LLC, d/b/a Lamar Advertising of Tennessee, Inc., and TLC Properties, Inc., for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE