AMERICAN LAVA CORPORATION

v.

Nick R. SAVENA.

Supreme Court of Tennessee.

Feb. 7, 1972.

Jeffrey L. Cleary, Luther, Anderson & Ruth, Chattanooga, for appellant.

Russell J. Bean, Bean, Phillips & Bean, Chattanooga, for appellee.

## OPINION

McCANLESS, Justice.

On June 7, 1971, American Lava Corporation, the employer, filed a workmen's compensation suit in the Criminal Court of Hamilton County against Nick R. Savena, the employee. The next day, June 8, 1971, Nick R. Savena filed his suit against American Lava Corporation in the Circuit Court of Hamilton County. The two suits are between the same parties and involve the same subject matter. They have the same object, that is that each seeks an adjudication of a workmen's compensation claim of Nick R. Savena against American Lava Corporation.

On motion of Nick R. Savena, the defendant in that case, the court dismissed the proceeding in the Criminal Court, assigning in its order as its reason therefor "that there should not be two actions pending involving the same parties or subject matter."

American Lava Corporation moved the court to reconsider its order dismissing its suit, calling attention to the fact that it had filed its suit before Savena filed his suit in the Circuit Court. The court overruled the motion to reconsider and American Lava Corporation has appealed.

Only one of the suits, involving as they do the same parties and the same subject matter, and having the same objects, can be allowed to stand.

When courts have concurrent jurisdiction, the one that first acquires jurisdiction thereby acquires exclusive jurisdiction. Gibson's Suits in Chancery, Fifth Edition, Section 335; Tennessee Procedure in Law Cases, Higgins and Crownover, Section 518.

Section 50–1018, T.C.A., confers jurisdiction of workmen's compensation suits "in case of a dispute over or failure to agree upon compensation" upon (1) the county judge or chairman, (2) the Circuit Court, (3) the Criminal Court, and (4) the Chancery Court, concurrently, "of the county in which petitioner resides or in which the alleged accident happens." The petitioner in this case alleges that the accident occurred in Hamilton County and there seems to be no question that the venue of the action is in that county.

It is argued by the defendant, Savena, that there had been no dispute over the compensation and that, therefore, his employer had no right to bring its suit against him for a determination of the rights of the parties. With this contention we cannot agree. The parties had failed to agree upon compensation and that was sufficient to authorize the American Lava Corporation to bring its suit.

Since this suit was filed the day before the Circuit Court suit was filed it therefore was prior in right. Upon the Criminal Court having acquired jurisdiction that jurisdiction became exclusive.

This suit is remanded for trial to the Criminal Court. The defendant herein will dismiss his suit in the Circuit Court. The costs of this appeal are adjudged against him.

DYER, C. J., CHATTIN and CRESON, JJ., and JENKINS, Special Judge, concur.