IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 14, 2008 Session

**DUELL WAYNE WEST v. VOUGHT AIRCRAFT INDUSTRIES, INC. ET AL.**

**Direct Appeal from the Circuit Court for Smith County**
**No. 6391-W     John D. Wootten, Jr., Judge**

---

**No. M2007-01904-SC-R9-WC - Filed June 10, 2008**

---

**AND**

**TERRY THOMPSON v. PETERBILT MOTOR COMPANY AND/OR PACCAR, INC.**

**Direct Appeal from the Circuit Court for Cheatham County**
**No. 5731     Robert E. Burch, Judge**

---

**No. M2006-01541-SC-R3-WC - Filed June 10, 2008**

---

We granted review of these workers' compensation cases to decide when a case becomes "pending" for purposes of the prior suit pending doctrine. We conclude that a lawsuit becomes "pending" when the complaint is filed. Although the filing of the complaint initiates the pendency of the case, a subsequent case will be subject to dismissal under the prior suit pending doctrine only if the court in the prior case has acquired personal jurisdiction over the parties. Accordingly, the lawsuit filed by the employer in West v. Vought Aircraft Industries, Inc. was entitled to priority, and the employee's lawsuit is remanded to the trial court for dismissal. The employee's lawsuit in Thompson v. Peterbilt Motor Co. has been rendered moot and is dismissed.

**Tenn. Code Ann. § 50-6-225(e) (Supp. 2007) Appeal as of Right;**
**Judgment of the Smith County Circuit Court Reversed;**
**Judgment of the Cheatham County Circuit Court Affirmed; Cases Remanded**

JANICE M. HOLDER, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and CORNELIA A. CLARK, GARY R. WADE, and WILLIAM C. KOCH, JR., JJ., joined.

James Nicholas Harris and Larry Rocky McElhaney, II, Nashville, Tennessee, for the appellant, Terry Thompson.

Aaron Scott Guin and Frederick Hodge, Nashville, Tennessee, for the appellant, Vought Aircraft Industries, Inc.

Debbie C. Holliman and E. Guy Holliman, Carthage, Tennessee, for the appellee, Duell Wayne West.

Heather Elizabeth Hardt and Terry Lee Hill, Nashville, Tennessee, for the appellee, Peterbilt Motor Company and/or PACCAR Inc.

Janis Olivia Mize and Juan G. Villasenor, Nashville, Tennessee, for the defendant, Tennessee Department of Labor/Second Injury Fund.

**OPINION**

**I. Facts and Procedural History**

In each of these consolidated appeals an employee who resided in one county was injured while working in another county. Each of the employees filed a workers' compensation claim in the county in which he resided, and each of the employers filed a complaint in the county in which its employee's injury occurred. In each case a dispute arose concerning which court had jurisdiction to hear the case. All of the parties invoked the doctrine of "prior suit pending," which dictates that a case is subject to dismissal if there is a prior lawsuit pending involving the same parties and the same subject matter. See, e.g., Cockburn v. Howard Johnson, Inc., 385 S.W.2d 101, 102 (Tenn. 1964). The employees claim that their lawsuits were the first to be "pending" and that their employers' lawsuits are subject to dismissal, while the employers maintain the opposite position. To resolve these disputes, we must decide when a case becomes "pending" for purposes of the prior suit pending doctrine.

A.   West v. Vought Aircraft Industries, Inc.

Duell Wayne West is a resident of Smith County and an employee of Vought Aircraft Industries Incorporated ("Vought"). Mr. West alleges that he suffered work-related injuries on May 30, 2006, while working in Davidson County. Mr. West reported the injuries to Vought that same day and subsequently received medical treatment. On March 6, 2007, Mr. West and Vought attended a benefit review conference. The benefit review conference concluded at 2:11 p.m. without a settlement agreement. Immediately after the conference concluded, Vought's attorney telephoned a representative of his office who was waiting at the office of the Clerk and Master of the Davidson County Chancery Court. Vought's attorney instructed the firm's representative to file a previously prepared complaint. Vought's complaint was filed at 2:11 p.m., less than a minute after the conclusion of the benefit review conference. Mr. West's complaint was filed four minutes later with

the Smith County Circuit Court Clerk.[1] Vought was served with Mr. West's complaint on March 6, 2007. Mr. West was served with Vought's complaint on March 20, 2007.

Vought filed a motion to dismiss the case pending in the Smith County Circuit Court, arguing that under the prior suit pending doctrine the Davidson County Chancery Court had exclusive jurisdiction because the Davidson County case was the first to be filed. In response, Mr. West argued that the Smith County case had priority because the Smith County complaint was the first to be served. The Smith County trial court denied Vought's motion and concluded that it had jurisdiction over Mr. West's workers' compensation claim. Vought filed a motion for interlocutory appeal, which the Smith County trial court granted. We granted review and stayed further proceedings in Smith County.

### B. Thompson v. Peterbilt Motor Co.

Terry Thompson is a resident of Cheatham County and an employee of Peterbilt Motor Company ("Peterbilt"). Mr. Thompson alleges that he suffered a work-related injury on July 21, 2005, while working in Davidson County. Mr. Thompson reported the injury to Peterbilt and sought treatment for his injury. A benefit review conference was held at 9:00 a.m. on March 28, 2006, and was concluded without a settlement agreement. Both parties filed suit later that day. Peterbilt filed a complaint in the Davidson County Chancery Court at 10:25 a.m. Mr. Thompson filed a complaint in the Cheatham County Circuit Court, but the clerk failed to note the time of filing.[2] Peterbilt was served with Mr. Thompson's complaint on April 4, 2006. Mr. Thompson was served with Peterbilt's complaint on April 6, 2006.

On April 27, 2006, Peterbilt filed a motion to dismiss the Cheatham County case, arguing that the Davidson County Chancery Court had exclusive jurisdiction over Mr. Thompson's workers' compensation claim. Peterbilt's argument was based on its assertion that the Davidson County case was filed first. In response to the motion to dismiss, Mr. Thompson argued that the Cheatham County Circuit Court had exclusive jurisdiction because Peterbilt was served with the Cheatham County complaint two days before Mr. Thompson was served with the Davidson County complaint. The Cheatham County trial court agreed with Peterbilt and dismissed the Cheatham County case.

Mr. Thompson appealed the decision of the Cheatham County trial court, and we initially referred the appeal to the Special Workers' Compensation Appeals Panel. After oral argument before the Panel, this Court granted review in West v. Vought Aircraft Indus., Inc., the case

---

[1] Mr. West's complaint also named as a party the "State of Tennessee Department of Labor Workers' Compensation Division Second Injury Fund Sue Head, Director." The Second Injury Fund has not filed a brief nor participated in oral argument in this appeal.

[2] The clerk's failure to note the time of filing is in violation of Tennessee Rule of Civil Procedure 5.06, which requires that the clerk "endorse upon every pleading and other papers filed with the clerk in an action the date and hour of filing." (emphasis added). Court clerks in every county should be mindful of this requirement to prevent confusion regarding the sequence in which pleadings are filed.

summarized above. We transferred Mr. Thompson's appeal to the full Court and consolidated it with West. In their briefs and arguments to this Court, Peterbilt and Mr. Thompson acknowledged that the proceedings in Davidson County have proceeded to trial and were concluded on November 15, 2006.

## II. Analysis

### A. The Race to the Courthouse

Before turning to the central question of when a lawsuit becomes "pending," we feel compelled to comment on the legal framework and practices that give rise to these consolidated cases. The Tennessee Workers' Compensation Law provides that lawsuits may be brought either in the employee's county of residence or in the county in which the accident occurred. Tenn. Code Ann. § 50-6-225(a)(2)(A). Accordingly, when an employee lives and works in different counties, a lawsuit may be brought in either county. The Workers' Compensation Law also permits either the employee or the employer to initiate the lawsuit. Id. The availability of multiple forums combined with the right of either party to file has resulted in parties attempting to secure the forum of their choice by being the first to file. Cf. Cutler-Hammer v. Crabtree, 54 S.W.3d 748, 752 n.2 (Tenn. 2001) (noting that employers sometimes seek to select the forum by filing a lawsuit against the employee).

Although it has long been the case that parties may race to select the forum of their choice, a recent amendment to the Workers' Compensation Law appears to have increased the frequency and fervor of this occurrence. In 2004, the General Assembly amended Tennessee Code Annotated section 50-6-225(a) to require that parties exhaust the benefit review conference process before filing a complaint. Act of June 15, 2004, ch. 962, § 16, 2004 Tenn. Pub. Acts 2346, 2357. So amended, the Workers' Compensation Law now provides a definitive moment when a complaint can be filed—the moment the benefit review conference is concluded without a settlement. As the facts of these consolidated cases indicate, delaying the ability to file until this definitive moment, a moment at which a lawsuit is usually inevitable, has increased the pressure upon attorneys to file their lawsuits quickly. The unsuccessful completion of a benefit review conference now acts as a starting gun in the race to the courthouse, and it appears to be common for complaints to be filed mere moments after that gun is fired.

We find this process of racing to the courthouse unseemly. It reflects attorneys' lack of confidence in the judiciary of this state to apply the Workers' Compensation Law in an evenhanded manner and demonstrates that lack of confidence to clients and the public at large. Furthermore, this process engages attorneys in the undignified spectacle of literally racing to secure perceived procedural advantages. Such gamesmanship does little to improve the image of attorneys in the eyes of the public. Indeed, at oral argument, counsel for the parties indicated that they do not relish participating in this practice.

-4-

As the facts of these cases indicate, the practice remains prevalent in spite of attorneys' misgivings. Understandably, attorneys will seek to fulfill their duty to represent their clients zealously by attempting to gain those advantages that are ethically and legally permissible. Furthermore, this Court cannot prevent attorneys from doing that which the Workers' Compensation Law plainly allows them to do. Our decision in this case clarifies the rules under which the race will be run but does nothing to prevent the race from occurring. In short, this is a problem in want of a legislative rather than a judicial solution.

## B. The Prior Suit Pending Doctrine

We now turn to the primary issue presented by these consolidated cases—whether for purposes of the prior suit pending doctrine the pendency of a lawsuit begins with the filing of a complaint or with the service of process. This is a legal rather than a factual issue. Accordingly, we review the trial courts' conclusions de novo with no presumption of correctness. House v. Estate of Edmondson, 245 S.W.3d 372, 378 (Tenn. 2008).

The prior suit pending doctrine is derived from the ancient common-law rule prescribing that a person "shall not be . . . twice vexed for one and the same cause." Sparry's Case, (1591) 77 Eng. Rep. 148, 148 (Exch.); accord. Ex parte State Mut. Ins. Co., 715 So. 2d 207, 213 (Ala. 1997). Under the common-law rule, a party could have an action barred on procedural grounds if there was a prior suit pending against him in the same jurisdiction for the same cause of action. 1 William M. McKinney, The Encyclopædia of Pleading and Practice: Under the Codes and Practice Acts, at Common Law, in Equity and in Criminal Cases 750-51 (Northport, Edward Thompson Co. 1895); Sparry's Case, 77 Eng. Rep. at 148. One commentator summarized the common-law rule and its rationale as follows:

> The law abhors multiplicity of actions; and therefore whenever it appears on record, that the plaintiff had sued out two writs against the same defendant for the same thing, the second writ shall abate; for if it were allowed that a man should be twice arrested, or twice attached by his goods for the same thing, by the same reason he might suffer *in infinitum*; . . . if there was a writ in being at the time of suing out the second, it is plain the second was vexatious, and ill *ab initio*.

1 Matthew Bacon, A New Abridgement of the Law 22 (7th ed. London, Strahan 1832).

In time, the prior suit pending doctrine became a fixture of American common law. See, e.g., Commonwealth v. Churchill, 5 Mass. (5 Tyng) 174, 176 (1809); Bennett v. Chase, 21 N.H. 570, 580 (1850); Bullock v. Bolles, 9 R.I. 501, 502 (1870). The doctrine appears to have been well-established in this state as early as 1838. See Turner v. Lumbrick, 19 Tenn. (Meigs) 7, 8, 12-13 (1838) (noting that the defendants moved to quash the proceedings on the grounds that an identical lawsuit between the same parties was already pending). In Cockburn v. Howard Johnson, Inc., 385

S.W.2d 101 (Tenn. 1964), we affirmed that "a suit is subject to plea in abatement[3] where there is pending another suit on the same subject matter." 385 S.W.2d at 102. We also held that there are four essential elements to a defense of prior suit pending: 1) the lawsuits must involve identical subject matter; 2) the lawsuits must be between the same parties;[4] 3) the former lawsuit must be pending in a court having subject matter jurisdiction over the dispute; and 4) the former lawsuit must be pending in a court having personal jurisdiction over the parties. Id. (quoting Joseph Carrigan Higgins & Arthur Crownover, Jr., Tennessee Procedure in Law Cases: A Treatise Setting Forth the Principles, Pleadings, Practice, and Procedure in Lawsuits, § 518(6) (1937)).[5]

### C. Thompson and West

There is no dispute that the prior suit pending doctrine is applicable in these cases. The only issue is whether a lawsuit becomes "pending" at the time a complaint is filed or at the time of service. Vought and Peterbilt contend that the pendency of an action begins with the filing of a complaint and that the Davidson County courts therefore have exclusive jurisdiction. Mr. West and Mr. Thompson contend that an action is not "pending" until a court obtains jurisdiction over the parties through service of process and that the Smith and Cheatham County courts therefore have exclusive jurisdiction.

We conclude that the pendency of an action begins with the filing of a complaint. In Tennessee, civil cases are commenced with the filing of a complaint. Tenn. R. Civ. P. 3. We see no compelling reason to create a distinction between the time an action is commenced and the time an action becomes "pending." Most jurisdictions do not make such a distinction. See 1 C.J.S. Abatement and Revival § 31 (2005). Consequently, in states in which lawsuits are commenced by the filing of a complaint, lawsuits are generally held to be "pending" from the time of filing. E.g., Allen v. Super. Ct. of Maricopa County, 344 P.2d 163, 166 (Ariz. 1959) (citing Ariz. R. Civ. P. 3); State ex rel. Kincannon v. Schoenlaub, 521 S.W.2d 391, 393 (Mo. 1975) (citing Mo. R. Civ. P.

---

[3] A plea in abatement is a common-law pleading that "sets forth facts extrinsic to merits which affect only manner in which action is framed or circumstances under which it is sought to be prosecuted, and does not destroy the right of action but merely suspends or postpones its prosecution." Black's Law Dictionary 1151-52 (6th ed. 1990). Pleas in abatement have been abolished and replaced by modern pleadings and motions. See Tenn. R. Civ. P. 7; 1 Tenn. Jur. Abatement, Survival and Revival § 2 (2001).

[4] Although Cockburn states that the lawsuit must be between the same parties, we have held previously that the doctrine of prior suit pending may also be applicable when a party in a subsequent lawsuit is the privy of a party in the former lawsuit. Fultz v. Fultz, 175 S.W.2d 315, 316 (Tenn. 1943).

[5] In addition to those requirements set forth in Cockburn, we have recognized at least two other limitations on the applicability of the prior suit pending doctrine. We have held that the prior suit pending doctrine is inapplicable when the prior lawsuit has been dismissed or discontinued. Walker v. Vandiver, 181 S.W. 310, 311 (Tenn. 1915). In other words, the prior lawsuit must continue to be "pending" in order for a subsequent lawsuit to warrant dismissal. See id. We have also held that the doctrine is inapplicable when the prior lawsuit was brought in a federal court or in the court of a foreign state. Hubbs v. Nichols, 298 S.W.2d 801, 802-03 (Tenn. 1956). There is, however, an exception to this latter rule. In cases involving in rem or quasi in rem jurisdiction, a prior suit pending in a federal court or in the court of another state will prevent a party from bringing a second lawsuit in Tennessee. Id. at 803.

53.01); Reckson Assocs. Realty Corp. v. Blasland, Bouck & Lee, Inc., 645 N.Y.S.2d 873, 874 (N.Y. App. Div. 1996) (citing N.Y. C.P.L.R. § 304 (McKinney 2007)); but see Mabie v. Garden St. Mgmt. Corp., 397 So. 2d 920, 921 (Fla. 1981) (noting that a lawsuit is "pending" at the time of service even though lawsuits are commenced at the time of filing).

Practical considerations also support our decision to begin the pendency of an action with the filing of a complaint rather than with the service of process. Court clerks are public officers with a statutory duty to perform the clerical functions of their respective courts. Tenn. Code Ann. §§ 18-1-101, 104 (1994). These court officers have a duty to "endorse upon every pleading and other papers filed with the clerk in an action the date and hour of the filing." Tenn. R. Civ. P. 5.06. Furthermore, court clerks maintain offices in public locations equally accessible to both parties. Given these considerations, court clerks are uniquely well-situated to memorialize important occurrences in the course of a lawsuit.

We acknowledge that our decision in American Lava Corp. v. Savena, 476 S.W.2d 639 (Tenn. 1972), has engendered confusion concerning the proper roles of filing and service in the application of the prior suit pending doctrine. That case involved competing workers' compensation complaints filed in the criminal and circuit courts of Hamilton County. We first stated that "[w]hen courts have concurrent jurisdiction, the one that first acquires jurisdiction thereby acquires exclusive jurisdiction." American Lava, 476 S.W.2d at 640. A court acquires personal jurisdiction over a defendant when the defendant is served with process. See Kane v. Kane, 547 S.W.2d 559, 560 (Tenn. 1977); accord. Miss. Publ'g Corp. v. Murphree, 326 U.S. 438, 444-45 (1946). Our statement therefore suggests that the court in which the defendant was first served is the court that acquires exclusive jurisdiction. Despite this implication, the opinion makes no mention of the timing of the service of process in either case. Instead, we held, "Since [the criminal court] suit was filed the day before the Circuit Court suit was filed it therefore was prior in right." American Lava, 476 S.W.2d at 640 (emphasis added). This holding strongly implies that the pendency of an action begins with filing. Our opinion in American Lava therefore can be read to support beginning the pendency of an action either with filing or with service. Subsequent applications of American Lava demonstrate the confusion created by that case.[6] Our holding today is designed to eliminate this confusion and clearly establish that the pendency of a case begins with the filing of a complaint.

---

[6] At least one Court of Appeals' case has suggested that a lawsuit becomes "pending" with the service of process. See Metro. Dev. & Hous. Agency v. Brown Stove Works, Inc., 637 S.W.2d 876, 880 (Tenn. Ct. App. 1982) (noting that the plaintiff did not file its lawsuit until "almost one week after it had been served with process" in the prior action). Other unreported appellate court decisions have rejected the argument that pendency begins with service and have determined that a lawsuit is "pending" when it is filed. Summers v. Ryan, No. E2006-01757-COA-R10-JV, 2007 WL 161037, at *7-8 (Tenn. Ct. App. Jan. 23, 2007); Hutchings v. Methodist Hosp. of McKenzie, No. W1998-00901-COA-R9-CV, 2000 WL 33774484, at *7 (Tenn. Ct. App. June 2, 2000). Other cases involving the prior suit pending doctrine have been resolved by means of one of the exceptions to the doctrine and have not required an analysis of priority of the lawsuits involved. See Lewis v. Muchmore, 26 S.W.3d 632, 637 (Tenn. Ct. App. 2000) (noting that the prior suit had been non-suited and was no longer pending); City of Newport v. Masengill Auction Co., 19 S.W.3d 789, 795 (Tenn. Ct. App. 1999) (noting that the prior suit was brought in federal court).

Although we have concluded that the pendency of an action begins with the filing of a complaint, we emphasize that it remains essential for the court in the prior case to acquire personal jurisdiction over the parties. Cockburn, 385 S.W.2d at 102 (quoting Higgins & Crownover, supra, § 518(6)); Estate of McFerren v. Infinity Transp., LLC, 197 S.W.3d 743, 748 (Tenn. Workers' Comp. Panel 2006) (affirming that personal jurisdiction is essential to the applicability of the prior suit pending doctrine). Once the court in the prior case has acquired personal jurisdiction, however, the pendency of the action relates back to the time of filing. Contrary to the claims of Mr. West and Mr. Thompson, neither McFerren nor Cockburn stand for the proposition that the pendency of a lawsuit begins with the date of service. Rather, those cases merely affirm that personal jurisdiction is essential to the applicability of the prior suit pending doctrine. Cockburn, 385 S.W.2d at 102; McFerren, 197 S.W.3d at 746-48.

In light of the foregoing, we hold that Vought's lawsuit against Mr. West in Davidson County was the first lawsuit "pending" because it was the first to be filed. Furthermore, Vought's suit was properly served on Mr. West, conferring personal jurisdiction to the Davidson County Chancery Court. Once the Davidson County Chancery Court acquired jurisdiction, Mr. West's suit in Smith County became subject to dismissal because there was a prior suit pending in a court having jurisdiction over the parties. Therefore, the Smith County Circuit Court should have dismissed Mr. West's case upon Vought's motion. Accordingly, we remand Mr. West's lawsuit to the Smith County court for dismissal.

With regard to Mr. Thompson's appeal, we hold that it has been rendered moot. We will dismiss appeals as moot when "by a court decision, acts of parties, or other causes occurring after the commencement of the action the case has lost its controversial character." McCanless v. Klein, 188 S.W.2d 745, 747 (Tenn. 1945). The Davidson County case proceeded to judgment during the pendency of this appeal and fully resolved Mr. Thompson's claims. We therefore conclude that the Davidson County trial court's decision eliminated the controversy between Mr. Thompson and Peterbilt and rendered Mr. Thompson's appeal moot.[7]

Counsel for Mr. Thompson and Peterbilt have suggested that we may consider their appeal in spite of its mootness because the issue involved is capable of repetition. We have acknowledged that we may consider moot issues that are of great public importance or that are capable of recurring yet evade appellate review. State v. Rodgers, 235 S.W.3d 92, 97 (Tenn. 2007). We have never held, however, that we are permitted to address moot issues solely because they are capable of repetition. In our view, such an exception would swallow the rule. Accordingly, we decline to adopt a new exception to the mootness doctrine and conclude that no existing exception is applicable to Mr. Thompson's appeal. Mr. Thompson's appeal is therefore dismissed.

---

[7] Unlike Thompson, West is not moot because Vought's lawsuit against Mr. West in Davidson County was stayed pending the outcome of the Smith County case. Accordingly, the Davidson County Chancery Court has not rendered any judgment with regard to West, and there continues to be a controversy between Vought and Mr. West.

### III. Conclusion

We conclude that a lawsuit becomes "pending" when the complaint is filed. We hold that Vought's lawsuit against Mr. West in Davidson County was the first lawsuit "pending" because it was the first to be filed. Accordingly, we remand Mr. West's lawsuit to the Smith County court for dismissal. In addition, we hold that Mr. Thompson's appeal has been rendered moot by the final judgment of the Davidson County Chancery Court. Accordingly, Mr. Thompson's appeal is dismissed. Costs of these appeals are taxed to the appellee, Duell Wayne West, and to the appellant, Terry Thompson, and their sureties, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE