# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 31, 2010 Session

## TAMMY L. HAGGARD v. SANTOS AGUILAR, ET AL.

**Appeal from the Chancery Court for Hamblen County**
**No. 2009-307    Thomas R. Frierson, II, Chancellor**

---

**No. 2009-02452-COA-R3-CV - FILED DECEMBER 7, 2010**

---

This appeal involves the question of whether the trial court properly dismissed Plaintiff's action when another related lawsuit, filed prior to this Hamblen County Chancery Court action, was pending in Knox County Chancery Court. We hold that the trial court properly dismissed Plaintiff's action under the prior suit pending doctrine. Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Dudley W. Taylor, Knoxville, Tennessee, for the appellant, Tammy L. Haggard.

Santos Aguilar, Sevierville, Tennessee, pro se appellee.[1]

Stephen C. Daves, Knoxville, Tennessee, for the appellee, John P. Doyle.

## OPINION

### I. FACTUAL BACKGROUND

Santos Aguilar, through his counsel, John P. Doyle, (collectively "Defendants") filed a suit against Labor Support Management, Inc. ("LSM") and Tammy L. Haggard, President

---

[1]The appellee, John P. Doyle, acted as counsel for Mr. Aguilar during the initial suit in the Knox County Chancery Court. Mr. Aguilar has not filed a brief or otherwise participated in this appeal. From the record, it also appears that Mr. Aguilar did not file any responsive pleadings to the suit filed by Ms. Haggard in the Hamblen County Chancery Court.

of LSM, in the Chancery Court of Knox County, Tennessee. In the complaint, Mr. Aguilar, as a shareholder of LSM, alleged various causes of action, including derivative claims against Ms. Haggard. Mr. Aguilar later filed an amended complaint ("Aguilar Complaint"), where he alleged that Ms. Haggard used LSM's assets "to pay for improvements to real property and residence titled in her name in Hamblen County, Tennessee." Under a theory of constructive trust, Mr. Aguilar requested that the Knox County court "affix" a lien lis pendens to Ms. Haggard's property. The amount of the claim was $100,000. Thereafter, Mr. Doyle - Mr. Aguilar's counsel - filed a notice of a lien lis pendens on Ms. Haggard's property in the Register of Deeds Office for Hamblen County, Tennessee.

In response, Ms. Haggard filed an answer and counter-claim, denying liability, raising various affirmative defenses, and alleging that Mr. Aguilar obtained his shares of stock through coercion. At some point during litigation, Ms. Haggard learned of the lien lis pendens on her property, and through counsel, demanded that Mr. Doyle remove the lien lis pendens. Ms. Haggard learned of the lien lis pendens during the closing stages of a transaction to sell the property. The parties could not come to an agreement regarding the lien lis pendens, and Ms. Haggard subsequently filed a suit against Mr. Aguilar and Mr. Doyle in the Hamblen County Chancery Court.[2] In Ms. Haggard's complaint, she sought a declaratory judgment to declare the lien lis pendens void and an award of compensatory and punitive damages. Shortly after filing the complaint, Ms. Haggard also filed a motion for summary judgment asking the trial court to determine that "the filing of the lien lis pendens by Defendants in this cause was improper and therefore, does not constitute an encumbrance on the title with the issue of damages to be reserved."

Mr. Doyle responded to Ms. Haggard's pleadings by filing an answer, a response to the motion for summary judgment, and a motion to dismiss under the doctrine of prior suit pending. Mr. Doyle referenced the suit he filed on behalf of Mr. Aguilar in the Knox County court and attached the Aguilar Complaint and Ms. Haggard's answer as exhibits to the motion to dismiss.

The trial court conducted a hearing on Mr. Doyle's motion to dismiss. After finding that the elements of the prior suit pending doctrine were met, the trial court dismissed Ms. Haggard's suit. Ms. Haggard then filed a timely notice of appeal, claiming that the trial court's grant of the motion to dismiss was improper.

## II. ISSUE

The sole issue for appeal is whether the trial court erred in granting the motion to

_____

[2]For clarification, the Hamblen County Chancery Court is the trial court in this appeal.

dismiss under the prior suit pending doctrine.

## III. STANDARD OF REVIEW

The issue of whether the trial court properly dismissed the suit pursuant to the doctrine of prior suit pending is a question of law. *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 623 (Tenn. 2008). We review the trial court's conclusions of law under a de novo standard without any presumption of correctness. *Fidelity & Guar. Life Ins. Co. v. Corley*, No. W2002-0263-COA-R9-CV, 2003 WL 23099685, at *3 (Tenn. Ct. App. W.S., Dec. 31, 2003)

## IV. DISCUSSION

Ms. Haggard takes issue with the trial court's grant of the motion to dismiss. She argues that there was no basis for the trial court to grant the motion. Ms. Haggard claims that the trial court failed to articulate whether it treated the motion as one for summary judgment under Rule 56 or as a motion to dismiss under Rule 12.02(6) of the Tennessee Rules of Civil Procedure.

The trial court dismissed Ms. Haggard's claim based on the defense of prior suit pending. The trial court's order stated:

> Plaintiff's counsel stipulated in open court that he was not disputing that the parties in the prior suit and in this case were identical. After having reviewed the record, and having heard further argument of counsel, it is the opinion of this Court that all of the elements of the defense of prior suit pending are met and that the lawsuit should be dismissed in its entirety based on this defense.

Under the doctrine of prior suit pending, "where two courts have concurrent jurisdiction over a matter, the court taking first jurisdiction acquires exclusive jurisdiction over the matter, and the subsequent action must be dismissed." *Corley*, 2003 WL 23099685, at *3 (citation omitted). To dismiss an action under the doctrine, the following four elements must be met: (1) the lawsuits must involve the identical subject matter; (2) the lawsuit must involve the same parties; (3) the lawsuits must be pending in a court having subject matter jurisdiction over the matter; and (4) the first lawsuit must be pending in a court having personal jurisdiction over the parties. *West*, 256 S.W.3d at 623 (citing *Cockburn v. Howard Johnson, Inc.,* 385 S.W.2d 101, 102 (Tenn. 1964)).

The doctrine of prior suit pending invokes whether a court has subject matter jurisdiction to hear a suit. *See generally Taylor v. Transmission Corp. of Am., Inc.*, No. E2003-02529-COA-R3-CV, 2004 WL 2853300, at *1 (Tenn. Ct. App. E.S., Dec. 13, 2004). Contrary to Ms. Haggard's contentions, by dismissing the case under the prior suit pending doctrine, the trial court dismissed the suit under Rule 12.02(1) of the Tennessee Rules of Civil Procedure for a lack of subject matter jurisdiction. Thus, it was not necessary for the trial court to address other grounds for dismissal. We now consider whether the trial court properly dismissed Ms. Haggard's suit.

In this case, the first two elements of the prior suit pending doctrine are easily satisfied. First, Ms. Haggard filed a lawsuit to void the lien lis pendens. Ms. Haggard only filed her lawsuit after the lien lis pendens interfered with a contract to sell her property. Instead of challenging subject matter jurisdiction or attacking the validity of the lien lis pendens in the Knox County court through appropriate motions, Ms. Haggard attacked the validity of the lien lis pendens in another court by filing a separate lawsuit. Ms. Haggard's subsequent action concerns the same subject matter as Mr. Aguilar's first suit. Second, the trial court noted in its order that Ms. Haggard's counsel acknowledged in open court that the parties are identical in both suits. Without anything in the record to indicate otherwise, the second suit filed by Ms. Haggard involves the same subject matter and the same parties as the first suit filed by Defendants.

Turning to the third element, we consider whether the Knox County court has subject matter jurisdiction to hear the suit. Ms. Haggard argues that the Knox County court does not have jurisdiction to hear the first suit because it lacks subject matter jurisdiction to resolve the title issues concerning property located in Hamblen County under Tenn. Code Ann. § 20-3-101 (2010). Section 20-3-101(a) provides as follows:

> When any person, in any court of record, by declaration, petition, bill or cross bill, seeks to fix a lien lis pendens on real estate, or any interest in real estate, situated in the county of suit, in furtherance of the setting aside of a fraudulent conveyance, of subjection of property under return of nulla bona, tracing a trust fund, enforcing an equitable vendor's lien, or otherwise, that person shall file for record in the register's office of the county an abstract, certified by the clerk, containing the names of the parties to the suit, a description of the real estate affected, its ownership and a brief statement of the nature and amount of the lien sought to be fixed.

Tenn. Code Ann. § 20-3-101(a) (2010). Ms. Haggard also cites Tenn. Code Ann. §

16-11-114[3] to support her assertion that the trial court rightfully had jurisdiction to hear the suit concerning the property. This court has previously tackled the issue of parties initiating a lawsuit in one county and filing a lien lis pendens in a different county where the property is situated.

In *Knobler v. Knobler*, a couple with properties in Williamson County and Davidson County, initiated divorce proceedings in the Williamson County Chancery Court. 697 S.W.2d 583, 585 (Tenn. Ct. App. 1985). After the Williamson County court entered a judgment granting the divorce and ordering the sale of the properties in Davidson County, a judgment creditor obtained a judgment against the husband in the Davidson County Chancery Court and recorded the judgment in the Register's Office for Davidson County. *Id.* Eventually, the Davidson County court entered an order directing questions concerning the validity of the judgment creditor's lien be determined by the Williamson County court. *Id.* The Williamson County court then entered orders directing the sales of the Davidson County properties and transferring the judgment creditor's lien to the husband's proceeds from the sale. *Id.* at 585. The judgment creditor appealed, claiming that the Williamson County court did not have jurisdiction over the Davidson County properties. *Id.* at 584. Noting the statutory exceptions to Tenn. Code Ann. § 16-11-114, this court held that the Williamson County court had subject matter jurisdiction over the property located in Davidson County under Tenn. Code Ann. § 36-4-121. *Id.* at 585-86. This court further noted, in dictum, as follows:

> We do not mean to say that Mrs. Knobler could not have protected her claim on the Davidson County property. Under the doctrine of lis pendens the recording of an abstract of the complaint - if properly drawn - in the Register's Office for Davidson County is notice to the world that any interest attempted to be asserted in the property whether by lien, encumbrance, or transfer would be subject to the determination of the Chancery Court for Williamson County in the pending divorce action.

---

[3]Tenn. Code Ann. § 16-11-114(1) (2010) states:

The local jurisdiction of the chancery court is subject to the following rules:
(1) All bills filed in any court seeking to divest or clear the title to land, or to enforce the specific execution of contracts relating to realty, or to foreclose a mortgage or deed of trust by a sale of personal property or realty, shall be filed in the county in which the land, or a material part of it, lies, or in which the deed or mortgage is registered[.]

*Id.* at 587.

Similarly, addressing the same issue on interlocutory appeal, this court later held that a lien lis pendens can be fixed on real property in one county by an action filed in another county in *Figlio v. Shelley Ford, Inc.*, 1988 WL 63497, at *1 (Tenn. Ct. App. M.S., June 22, 1988). This court reasoned:

> Thus, the filing of the abstract is simply to give notice of a pending action affecting the title or right to possession of the property described in the abstract. The filing of the abstract does not create the lien. It simply gives notice that the plaintiff in the pending action has a claim that would adversely effect the title of a prospective purchaser if the plaintiff is successful in the litigation. We see no reason why the plaintiff in a suit in one county, alleging rights in property situated in another county, should be restricted in his ability to give notice to prospective purchasers or encumbrancers in the county where the land is located, that the rights of the record owner of the property are in doubt. . . . It seems to us an absurd result to require the plaintiff to file suits and lis pendens notices in both counties when the only process effective to bind subsequent purchasers and encumbrancers is the notice.

*Id.* at *3. The *Figlio* court observed that a literal reading of Tenn. Code Ann. § 20-3-101, a reading advocated by Ms. Haggard, "would restrict a lis pendens lien to property situated in the county of suit." *Id.* at *2. Nevertheless, when reading Section 20-3-101 in context of other statutes in the Tennessee Code Annotated, Ms. Haggard's argument fails. As noted in *Figlio*, the language of Tenn. Code Ann. § 25-5-107 contemplates that a lawsuit and a lien lis pendens may be filed in different counties. *Id.* Tenn. Code Ann. § 25-5-107(a) (2010) states, in part, "[t]he title to real estate in counties other than the county in which the judgment or decree is rendered . . . or lis pendens is filed . . . shall not be in any manner affected, as to third parties. . . ." (emphasis added).[4]

In the instant case, after reviewing the record and the relevant laws, we find that the Knox County court properly exercised subject matter jurisdiction in this matter. The third element of the prior suit pending doctrine is met because Defendants originally filed a suit

---

[4]In interpreting Tenn. Code Ann. § 25-5-107 and explaining its relevance to filing a lien lis pendens where a lawsuit began in another county, the *Figlio* court stated: "Although this statute appears in the chapter of the Code dealing with the lien of a judgment, it is clear from the context that it applies to proceedings other than one to establish a judgment lien on property outside the county where the judgment was rendered." 1988 WL 63497, at *2.

seeking to enforce the rights of Mr. Aguilar as a shareholder to LSM, a corporation with its principal office in Knoxville, Tennessee. With regard to Mr. Aguilar's claims, he alleged that the trial court had subject matter jurisdiction pursuant to Tenn. Code Ann. § 48-18-109;[5] § 48-26-104;[6] § 48-24-301;[7] § 49-17-401. Pursuant to the above statutes, the Knox County court had subject matter jurisdiction to hear Mr. Aguilar's claims. Because the Knox County court had the power to adjudicate the claims and rights of the parties concerning the derivative shareholder claims, it follows that it was not improper for Defendants to file a lien lis pendens under a constructive trust theory because those claims are inextricably linked to the lien lis pendens. A notice of a lien lis pendens concerning Ms. Haggard's property merely puts third parties on notice that the Knox County action may affect future interests in the property. While the Hamblen County court has jurisdiction over Ms. Haggard's property by virtue of Tenn. Code Ann. § 20-3-101, it does not have subject matter jurisdiction over Mr. Aguilar's claims as a shareholder of LSM. The Code provides that the equity court in the county of the corporation's principal office is the appropriate forum to resolve shareholder suits, which in this case is the Knox County court.

Therefore, we observe that the *Figlio* and *Knobler* holdings are persuasive. The third element - the first suit must be pending in a court with subject matter jurisdiction - was established in the instant case. The Knox County court is the appropriate forum to resolve Mr. Aguilar's claims as a shareholder. Because the property in Hamblen County is connected to Mr. Aguilar's claims, the filing of the lien lis pendens on that property was also appropriate. Thus, it follows that the Knox County court maintains subject matter jurisdiction to hear Mr. Aguilar's shareholder claims even though those claims involve

---

[5]Tenn. Code Ann. § 48-18-109(a) (2010) provides: "Any court of record having equity jurisdiction in the county where a corporation's principal office (or, if none in this state, its registered office) is located may remove a director of the corporation from office in a proceeding commenced either by the corporation or by its shareholders holding at least ten percent (10%) of the outstanding shares of any class. . . [.]"

[6]Tenn. Code Ann. § 48-26-104(a) (2010) provides: "If a corporation does not allow a shareholder who complies with § 48-26-102(a) to inspect and copy any records required by that subsection to be available for inspection, a court of record having equity jurisdiction in the county where the corporation's principal office (or, if none in this state, its registered office) is located may summarily order inspection and copying of the records demanded at the corporation's expense upon application of the shareholder."

[7]Tenn. Code Ann. § 48-24-301(2010) allows "any court of record with proper venue in accordance with § 48-24-302 may dissolve a corporation. . . [.]" Tenn. Code Ann. § 48-24-302 states that "[v]enue for a proceeding brought by any other party named in § 48-24-301 lies in the county where the corporation's principal office (or, if none in this state, its registered office) is or was last located."

property located in a different county. It is undisputed that the Knox County court had personal jurisdiction over the parties in this matter, which satisfies the fourth element of the prior suit pending doctrine. Upon finding that all four elements of the prior suit pending doctrine were met, we conclude that the trial court correctly dismissed Ms. Haggard's suit. Accordingly, we affirm.

## V. CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are taxed to the appellant, Tammy L. Haggard. This case is remanded, pursuant to applicable law, for the collection of costs assessed below.

_____
JOHN W. McCLARTY, JUDGE