# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 24, 2011 Session

## STEVE BIGGERS v. LAURENCE K. HOUCHIN

**Appeal from the Chancery Court for Davidson County**
**No. 06-3019-II     Carol L. McCoy, Chancellor**

---

**No. M2010-00223-COA-R3-CV - Filed October 27, 2011**

---

In the previous appeal of this case, we determined that the trial court erred in denying Plaintiff the opportunity to appeal the dismissal of his case and in awarding $1,151.75 in sanctions to Defendant. The case was remanded and, on remand, the trial court directed the Defendant to return the monetary sanction by depositing the money with the Clerk and Master. Plaintiff appeals and contends that the trial court erred in not distributing the funds to him directly. We affirm the trial court and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Steve Biggers, Nashville, Tennessee, Pro Se.

Steve North and Mark North, Madison, Tennessee, for the appellee, Laurence K. Houchin.

## MEMORANDUM OPINION[1]

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## I. Procedural History

This is the fourth appeal in protracted litigation arising out of the termination of Steve Biggers's ("Plaintiff") employment with Transport Services, Inc. ("TSI").[2] In 2006, Plaintiff filed this action against Laurence Houchin ("Defendant"), alleging that Defendant tortiuously interfered with Plaintiff's contract with TSI. The suit was dismissed by the chancery court on the grounds that the claim was barred by the doctrine of collateral estoppel. After Plaintiff filed a notice of appeal of the dismissal, Defendant filed a motion for sanctions against Plaintiff, pursuant to Tenn. R. Civ. P. 11 ("Rule 11"), which the trial court granted. The court ordered Plaintiff to dismiss his appeal as a non-monetary sanction and awarded monetary sanctions in the amount of $1,151.75, which was paid to Defendant. Plaintiff then filed a Tenn. R. Civ. P. 60 motion to set aside the order imposing sanctions, which the trial court denied; Plaintiff appealed to this Court. In *Biggers v. Houchin*, No. M2008-01356-COA-R3-CV, 2009 WL 2176567 (Tenn. Ct. App. July 21, 2009), we reversed the trial court's order that Plaintiff dismiss the appeal, set aside the award of monetary sanctions, and remanded the case for further proceedings.

On remand, Defendant filed a Renewed Motion to Dismiss in an effort to re-start the time period in which Plaintiff could file an appeal on the merits of the case. Plaintiff, proceeding *pro se*, opposed Defendant's motion and filed a Motion to Conform Record to Court of Appeals Decision, in which he requested the court to compel Defendant to return to him the $1,151.75 previously paid to Defendant. Defendant responded to the motion and contended that returning the $1,151.75 would result in a windfall to Plaintiff because Plaintiff's attorney had paid the monetary sanctions on Plaintiff's behalf; Defendant also pointed out that there was an outstanding judgment against Plaintiff for discretionary costs as well as court costs taxed to Plaintiff in the circuit court case.[3] Plaintiff also filed a Motion for Rule 11 Sanctions against Defendant. The trial court held a hearing on the motions and stated at the hearing:

---

[2] The details of Plaintiff's suit against TSI are set forth in *Biggers v. Transport Servs., Inc.*, M2006-01549-COA-R3-CV, 2007 WL 1452721 (Tenn. Ct. App. May 16, 2007).

[3] Defendant asserted the following in his response:

> [T]here is an existing judgment dated, August 11, 2006, against the Plaintiff for discretionary costs advanced by the defendant's attorney in the case of Biggers v. Transport Services, Inc., Docket No. 04C-3693 (Circuit Court for Davidson County) in the amount of $728.00 plus interest of $242.67 for a total of $970.67. There is also outstanding [sic] $352.00 in Court Costs from the Circuit Court case taxed to Steve Biggers which has not been paid. . . .

With regards to the monies that were paid pursuant to the Rule 11 Order in the amount of $1151.75, I'm going to direct that the Defendant pay that to the Clerk & Master; I'm going to reserve ruling on how those monies will be disbursed until I have the proper proof before me.

It may be that there is an offset to some of those funds but they need to be paid into the Clerk & Master.

Both parties tendered orders purporting to set forth the trial court's ruling at the hearing. On December 21, 2009, the court entered an order proposed by Defendant, and on January 4, 2010, the court entered a second order, proposed by Plaintiff.

On January 15, 2010, Plaintiff filed a "Motion to Strike Order, Asignment [sic] of Costs, and Conform to Appealt [sic] Mandate" pointing out that the court mistakenly signed both the Defendant's and Plaintiff's proposed orders. On January 19, while the motion which had been filed on January 15, 2010, was pending, Plaintiff filed a Notice of Appeal from the order entered on December 21, 2009. Defendant thereafter deposited $1,152.75 with the Clerk and Master of the court and filed a "Claim of Transport Services Inc. and its Attorney, The North Law Office."[4]

On February 17, 2010, the trial court entered an order striking its December 21, 2009 order and found the January 4, 2010 order to be in full force and effect.[5] On March 3, 2010, Plaintiff again filed a motion to Conform Record to Court of Appeals Decision and requested the court to release the $1,151.75 held by the Clerk and Master. On April 6, 2010, the court entered an order stating, in pertinent part:

---

[4] The claim asserted that a judgment had been entered against Plaintiff in the amount of $728.00 for discretionary costs in Plaintiff's previous law suit against TSI; the costs were awarded to The North Law Office for court reporter expenses advanced.

[5] The January 4, 2010 order provided in pertinent part:

　　1. The Court's previous Order of April 20, 2007 to dismiss his appeal and awarding Rule 11 sanctions is hereby set aside.
　　2. Plaintiff is allowed thirty (30) days from the entry of this order to perfect his appeal.
　　3. The Rule 11 sanction monies of $1,151.75 are to be paid by Defendant to the Clerk & Masters.
　　4. Disbursement of those monies is withheld until proper proof is before the Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that the amount of $1,151.75 which has been paid to the Clerk and Master to repay sanctions should be paid out to the Defendant[6] subject to any claims presented to the Clerk and Master, and subject to Clerk's fees related to the Plaintiff's Notice of Appeal.

IT IS FURTHER ORDERED that Court costs related to the previous Motion for Sanctions are taxed to the Defendant.

IT IS FURTHER ORDERED that this case is dismissed and the costs are taxed to the Plaintiff, except those costs associated with the Motion for Sanctions and proceedings related to the Rule 11 Sanctions.

Plaintiff objects to the trial court's requirement that the $1,151.75 be deposited with the Clerk and Master subject to claims, and requests that this court order the funds to be returned to him.[7]

## II. Analysis

We first address Defendant's contention that this appeal is moot because Plaintiff has appealed an order—the December 21, 2009 order—which was subsequently stricken by the trial court. The record shows that Plaintiff filed his notice of appeal on January 19, 2010, within 30 days of entry of both the December 21, 2009 and January 4, 2010 orders. The court, on Plaintiff's motion, entered an order on February 17 striking the December 21, 2009 order, thereby leaving the January 4 order as the order entered with reference to Plaintiff's motion in which he requested the court to compel Defendant to pay the $1,151.75 directly to him. The April 6, 2010 order was entered on another motion Plaintiff filed seeking to have the $1,151.75 released to him. Inasmuch as the $1,151.75 is being held by the Clerk and Master subject to the further order of the court, this appeal is not moot.[8] The Rules of

---

[6] The court mistakenly named Defendant as the recipient of this money. At oral argument, both parties conceded that the order should have named Plaintiff as the recipient of the money.

[7] Plaintiff does not appeal the dismissal of his case.

[8] A case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party. *Knott v. Stewart County*, 207 S.W.2d 337, 338–39 (Tenn. 1948). An appellate court will dismiss an appeal as moot when 'by a court decision, acts of parties, or other causes occurring after the commencement of the action the case has lost its controversial character.'" *West v. Vought Aircraft Industries, Inc.*, 256 S.W.3d 618, 625 (Tenn. 2008) (*citing McCanless v. Klein*, 188 S.W.2d 745, 747 (Tenn. 1945)).

Appellate Procedure are to be applied to secure the determination of appeals on their merits. *See* Tenn. R. App. P. 1. Pursuant to Tenn. R. App. P. 2 and 4(d) we will treat the notice of appeal of the December 21, 2009 order as "prematurely filed" and will consider the issues raised by the parties relative to the January 4, 2010 and April 6, 2010 orders.

In the earlier appeal, we ruled as follows with respect to Rule 11 sanctions:

> As for the attorney's fees and expenses incurred after Plaintiff filed his notice of appeal, we have determined Mr. Houchin is not entitled to recover those fees as they were incurred in an effort to deprive Plaintiff of his inalienable right of appeal, which he may or may not have prevailed upon, and Mr. Houchin would only have been entitled to recover Rule 11 sanctions had he prevailed on appeal. . . .

> We have determined that Mr. Houchin is not entitled to recover any sanctions under Tenn. R. Civ. P. 11. Therefore, it was error to deny Plaintiff's motion to set aside the award of sanctions.

Plaintiff argues that the order requiring the funds to be deposited with the Clerk and Master is contrary to the law of the case. Plaintiff is mistaken. In the earlier appeal, we did not rule relative to the manner in which the funds paid into the court should be disbursed upon remand. In accordance with this court's reversal of the order awarding sanctions and the January 4 order, Defendant paid $1,151.75 to the Clerk and Master; the payment was made subject to further order of the court. To the extent that Plaintiff argues on appeal that the claim filed by Defendant on February 5, 2010, in the trial court is illegitimate or should have been discharged in bankruptcy, that issue is not properly before this Court as the trial court has not entered any order as to the appropriateness of the claim or otherwise made any order of distribution of the funds..

Therefore, we affirm the trial court's April 6, 2010 order and remand the case for further proceedings in accordance with this opinion.

_____
RICHARD H. DINKINS, JUDGE
