IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 1, 2018

# FREDRICK SLEDGE v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

Appeal from the Chancery Court for Nashville and Davidson County
No. 16-1073-I     Claudia C. Bonnyman, Chancellor

_____

## No. M2017-01510-COA-R3-CV

_____

Fredrick Sledge ("Petitioner") appeals the June 16, 2017 order of the Chancery Court for Nashville and Davidson County ("the Trial Court") dismissing Petitioner's October 2016 petition for declaratory judgment ("2016 Petition") based upon the prior suit pending doctrine. We find and hold that the prior suit pending doctrine applies as Petitioner had a prior suit pending involving the same parties and the same subject matter in a court that had both personal and subject matter jurisdiction. We, therefore, affirm the Trial Court's June 16, 2017 order dismissing Petitioner's petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed
Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which W. NEAL MCBRAYER and ARNOLD B. GOLDIN, JJ., joined.

Fredrick Sledge, Only, Tennessee, pro se appellant.

William H. Slatery, III, Attorney General and Reporter; Andrée Blumstein, Solicitor General; and Pamela S. Lorch, Senior Counsel for the appellee, Tennessee Department of Correction.

# OPINION

## Background

Plaintiff, a State inmate, filed the 2016 Petition against the Tennessee Department of Correction, Commissioner, Tony Parker and Douglas Stephens, *et al.* ("the State") challenging the the State's application of sentence credits and the calculation of Plaintiff's sentences. The State filed a motion to dismiss alleging that Plaintiff had a prior suit pending with regard to the same issues, which was filed in 2014 in the Chancery Court in Davidson County ("2014 Petition").

The Trial Court entered its order on June 16, 2017 dismissing the 2016 Petition after finding and holding, *inter alia*:

> In its Motion to Dismiss and supporting memorandum, the State asserts that the Petitioner raised the same issues of sentence credits and sentence calculation in *Fredrick Sledge v. Tennessee Department of Correction*, 14-1041-III, which the State further asserts is still currently pending. The State argues that the three prerequisites necessary for dismissing a suit under the doctrine of prior suit pending are present (the two suits involve the same subject, the same parties, and the prior suit is still pending) and therefore the later filed suit now before this Court must be dismissed.

> In a series of no less than three responses in opposition, the Petitioner argues that the two suits are over different subject matters. Specifically, the Petitioner states that the prior suit alleged the Department of Correction failed to apply all pretrial credits to which the Petitioner was due, while his second suit now alleges the Department of Correction failed to apply all Program Sentence Reduction Credits (PSRC) to which he is due. The Petitioner forcefully argues that these two issues are "separate and distinct" because they address different types of credits governed by different statutory provisions. The Petitioner also argues that this Court has subject matter jurisdiction to address the second suit because he also raises claims of a violation of his 14[th] Amendment right to due process.

> The Court notes that the two enumerated claims raised in both suits filed by the Petitioner are in fact nearly identical. In both the 2014 and 2016 petitions for Declaratory Judgment, the Petitioner raises two "Legal Questions Presented for Review." His first question raises the issue whether the Department violated the law set forth in *State v Burkhart* by

2

making him serve 100% of his aggravated robbery sentence before becoming eligible for parole. This same question is stated in nearly identical terms in both suits. The Petitioner's second question raises the issue of sentence calculation and proper application of sentence credits. In his 2014 suit the Petitioner alleges the Department erred in calculating the date his life sentence began and in applying the correct amount of pretrial jail credits. In his 2016 suit the Petitioner alleges the Department erred in calculating the date his life sentence began and in applying the correct Program Sentence Reduction Credits (PSRC). Additionally, the Petitioner attached many of the same supporting documents to both petitions.

\* \* \*

As to the requirements that the prior suit still be pending in a court of competent jurisdiction, the records of the Davidson County Clerk and Master reveal that *Fredrick Sledge v. Tennessee Department of Correction*, 14-1041-III is on appeal with the Tennessee Court of Appeals. Additionally, the file records also show that there are unresolved motions currently pending in the trial court, and as such perhaps the Part III Chancery Court has retained jurisdiction. Nevertheless, the 2014 case is without question still pending.

\* \* \*

In this case, the claims in both suits are essentially over the identical subject matter of challenging the Department of Correction's application of sentence credits and its calculation of the Petitioner's sentences, including parole eligibility, release date and expiration date. Indeed, the Petitioner never contests the State's claim that his first issue for review pertaining to parole eligibility is the same in both the 2014 and 2016 suits, and this Court likewise finds there is no difference between these claims. As such, it was improper for Mr. Sledge to raise this identical claim in a second suit while his first suit is still pending.

As to the second claim, the Petitioner does argue that his two suits raise different issues as to sentence credit application because there are two different types of sentence credits involved. However, this Court finds that the two sentence credit claims are over the same subject matter because both claims could have been raised in the first suit, and both claims pertained to the same subject of the first lawsuit, *i.e.*, the correct application of sentence credits so as to reach the overall correct sentence calculation.

3

Upon remand from the Court of Appeals, the Department obtained amended sentencing orders from the Shelby County trial court that corrected the duplication of jail credit previously awarded. Accordingly, the Chancery Court, in Mr. Sledge's 2014 suit, issued a Memorandum and Order Closing Case Upon Carrying Out Remand in which the Court stated that the questions raised by the Court of Appeals were resolved by the Department's recalculation of Mr. Sledge's sentence as set forth in the June 16, 2016 affidavit of Candace Whisman. Accordingly, the Chancery Court relied upon the facts set forth in the 2016 Whisman affidavit to resolve the issues of credit application and sentence calculation in Mr. Sledge's 2014 suit, which is now currently on appeal, for the second time.

Mr. Sledge may not file a second, separate suit challenging facts set forth in the 2016 Whisman affidavit filed in his 2014 case while his 2014 case is still pending. The issue of the application of his PSRC credits and any differences between their application as described in the two Whisman affidavits submitted in his 2014 case are issues to be addressed in his 2014 case. The start date of Mr. Sledge's PSRC credits concerns the same issue (application of credits) that could have been raised (and in fact was raised) in Mr. Sledge's first suit. Moreover, the start date of his PSRC credits is the same subject as his prior 2014 suit (the application of credits and the resulting calculation of his sentence). Therefore the second issue raised by the Petitioner in his 2016 case filed with this Court is over the identical subject matter that was raised in his prior 2014 suit, which is still pending.

Accordingly, this Court holds the 2016 suit should be barred by the prior suit pending doctrine.

Petitioner appeals the dismissal of his 2016 Petition.

### Discussion

Petitioner attempts to raise several issues on appeal. The dispositive issue, however, is whether the Trial Court erred in granting the State's motion to dismiss and dismissing Petitioner's 2016 Petition. As our Supreme Court has instructed:

A motion to dismiss a complaint for failure to state a claim for which relief may be granted tests the legal sufficiency of the plaintiff's complaint. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011); *cf. Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002).

4

The motion requires the court to review the complaint alone. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011), or when the complaint is totally lacking in clarity and specificity, *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992) (citing *Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)).

A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010); *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 894; *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d at 426; Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 5–6(g), at 5–111 (3d ed. 2009). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 895; *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012).

The Trial Court dismissed the 2016 Petition based upon the prior suit pending doctrine. This Court has discussed the doctrine of prior suit pending stating:

The doctrine of prior suit pending is instructive on this issue. The doctrine of prior suit pending "is derived from the ancient common-law rule prescribing that a person 'shall not be . . . twice vexed for one and the same cause.' " *West v. Vought Aircraft Industries, Inc.*, 256 S.W.3d 618, 622 (Tenn. 2008) (quoting *Sparry's Case*, (1591) 77 Eng. Rep. 148, 148 (Exch.); accord *Ex parte State Mut. Ins. Co.*, 715 So.2d 207, 213 (Ala. 1997)). Under the rule as it evolved under common-law, "a party could have an action barred on procedural grounds if there was a prior suit pending against him in the same jurisdiction for the same cause of action." *Id.* (citing 1 William M. McKinney, *The Encyclopedia of Pleading and Practice: Under the Codes and Practice Acts, at Common Law, in Equity and in Criminal Cases* 750–51 (Northport, Edward Thompson Co. 1895);

*Sparry's Case*, 77 Eng. Rep. at 148). The philosophical underpinnings of the rule has [sic] been summarized as:

> The law abhors multiplicity of actions; and therefore whenever it appears on record, that the plaintiff had sued out two writs against the same defendant for the same thing, the second writ shall abate; for if it were allowed that a man should be twice arrested, or twice attached by his goods for the same thing, by the same reason he might suffer *in infinitum*; . . . if there was a writ in being at the time of suing out the second, it is plain the second was vexatious, and ill *ab initio*.

*Id*. at 622–623 (quoting 1 Matthew Bacon, *A New Abridgement of the Law* 22 (7th ed. London, Strahan 1832)).

> Under this "fixture of American common law[,]" an action will be dismissed when another suit is pending on the same subject matter. *Id*. (citation omitted). The defense of prior suit pending contains four elements: "1) the lawsuits must involve identical subject matter; 2) the lawsuits must be between the same parties; 3) the former lawsuit must be pending in a court having subject matter jurisdiction over the dispute; and 4) the former lawsuit must be pending in a court having personal jurisdiction over the parties." *Id*. (citations omitted).

*Childs v. UT Med. Group, Inc*., 398 S.W.3d 163, 169–70 (Tenn. Ct. App. 2012).

At the time of entry of the Trial Court's order on the State's motion to dismiss, the case involving the 2014 Petition was pending on appeal before this Court.[1] Both the 2016 Petition and the 2014 Petition involve the same parties. There is no question that this Court had both subject matter jurisdiction and personal jurisdiction over the parties in the case involving the 2014 Petition. Furthermore, as found by the Trial Court, the 2016 Petition and the 2014 Petition involve identical subject matter. Specifically, both cases involve issues regarding sentence credits and sentence calculation.

As found by the Trial Court, all four elements of the doctrine of prior suit pending were present at the time the Trial Court entered its order granting the State's motion to

---

[1] This Court issued its Opinion in that case on September 28, 2017. By order entered February 15, 2018, our Supreme Court denied Petitioner's Rule 11 application for appeal. Mandate issued, and our September 28, 2017 Opinion now is a final opinion.

6

dismiss.  The doctrine of prior suit pending applies to the 2016 Petition, and the 2016 Petition correctly was dismissed.

## **Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below.  The costs on appeal are assessed against the appellant, Fredrick Sledge, for which execution may issue, if necessary.


_____
D. MICHAEL SWINEY, CHIEF JUDGE