IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 10, 2014 Session

## JOSEPH J. LEVITT, JR. v. CITY OF OAK RIDGE, ET AL.

**Appeal from the Chancery Court for Anderson County**
**No. 13CH5413      William E. Lantrip, Chancellor**

_____

**No. E2013-02625-COA-R3-CV-FILED-SEPTEMBER 10, 2014**

_____

Joseph J. Levitt, Jr. ("Plaintiff") appeals the dismissal of his suit against the City of Oak Ridge, Oak Ridge Board of Building and Housing Appeals, and Denny Boss ("Defendants") entered by the Chancery Court for Anderson County ("the Trial Court"). We find and hold, as did the Trial Court, that Plaintiff's suit is barred by res judicata, and we affirm. We further find and hold Plaintiff's appeal to be frivolous and remand to the Trial Court for an award of damages for frivolous appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY J., and D. KELLY THOMAS, JR., SP.J., joined.

Joseph J. Levitt, Jr., Knoxville, Tennessee, pro se appellant.

John T. Batson and Dan R. Pilkington, Knoxville, Tennessee, for the appellees, City of Oak Ridge, Oak Ridge Board of Building and Housing Appeals, and Denny Boss.

**OPINION**

**Background**

This is the second time the parties and the issues involved in this suit have been before this Court. In *Levitt v. City of Oak Ridge*, this Court explained:

In this case, Joseph J. Levitt, Jr. ("Owner") was the owner of Applewood Apartment Complex ("Applewood"), which consisted of 13

apartment buildings located in Oak Ridge, Tennessee. On May 26, 2009, the City obtained administrative inspection warrants to inspect four buildings ("the subject buildings") in Applewood. The next day, the City and a private engineering firm hired by the City, Corum Engineering ("Corum"), inspected the subject buildings. Corum conducted a structural evaluation of the subject buildings. The City and Corum developed independent findings and issued reports based upon those findings. Timothy Ward, the Community Development Division Manager, mailed Owner a violation notice, . . . .

\* \* \*

The notice and the inspection results were also hand-delivered to Owner's staff. When Owner did not respond, the City issued a second notice containing the same information.

In April 2010, Owner requested reinspection of one apartment, which was found to be in compliance. Owner did not indicate that he had completed any additional repairs. In October 2010, the City advised Owner that a hearing to determine whether the structures were unfit for human occupation or use would be held on November 11, 2010.

\* \* \*

Following the hearing, the Board issued an order finding that the subject buildings were unfit for human occupation or use and should be demolished. In its order, the Board listed several violations of the International Property Maintenance Code, which was adopted by the City in the Code. The Board stated that its decision was based upon the specifically mentioned code violations and the additional code violations set out in the Board's notice to appear and in the Corum report. Owner filed a complaint "for appeal, certiorari, and supersedeas" against the City, the Board, and Denny Boss. The trial court treated the complaint for appeal as a petition for writ of certiorari.

Owner raised a number of issues relating to the hearing before the Board, the Board's bias, and the administrative inspection warrants. Relative to the hearing, Owner alleged that the Board was not authorized to conduct the hearing because the city manager did not initiate the proceeding; that the City failed to provide notice of the hearing to all of the parties in interest; that the inspections relied upon by the Board were approximately 18 months old; and

that the order did not conform to the motion before the Board at the hearing. Relative to bias, Owner stated, "Mr. Lee displayed an obvious bias against [me] because [I] had asked the [B]oard to give [me] the same amount of time Mr. Lee had taken to remodel a residence." Relative to the warrants, Owner argued that the warrants were invalid, unconstitutional, and did not comply with Tennessee Code Annotated section 68-120-117. Owner also complained that his failure to complete his reconstruction efforts was a direct result of his belief that the City intended to purchase the property.

The City, the Board, and Denny Boss ("Defendants") denied the allegations, alleged that the Board and Mr. Boss were not properly joined as parties, and noted that review of the Board's decision was limited to the question of whether the Board exceeded its jurisdiction or acted illegally, arbitrarily, capriciously, or fraudulently. The court granted the motion to dismiss as to any causes of action in addition to the petition and as to any causes of action against the Board and Mr. Boss "in their individual capacity."

Defendants filed a motion for summary judgment along with a statement of undisputed material facts. Defendants alleged that the Board's decision was supported by the record and should be upheld. They argued that the Board had not exceeded its jurisdiction in declaring the subject buildings unfit for human occupation or use when Owner did not refute the evidence presented at the hearing or offer any evidence that the subject buildings were fit for human occupation or use. Owner responded to the motion by asserting that the motion did not address the issues raised in his petition. He alleged that each of the subject buildings could be reasonably repaired, altered, or improved. He argued that the evidence before the board was inadmissible because it was obtained as a result of the execution of invalid administrative inspection warrants.

Following a hearing on the motion for summary judgment, the court held that the Board's decision was supported by the record and was not unlawful, arbitrary, or capricious. In so holding, the court noted that it was limited to the record and the facts presented to the Board . . . .

*Levitt v. City of Oak Ridge*, No. E2011-02732-COA-R3-CV, 2012 Tenn. App. LEXIS 753, at \*\*6-20 (Tenn. Ct. App. Oct. 30, 2012), *no appl. perm. appeal filed* ("*Levitt I*"). In *Levitt I,* this Court reversed the grant of summary judgment only on the issue of whether the Board acted without material evidence to support its decision to demolish the subject buildings but affirmed the grant of summary judgment on all other grounds including the Board's

determination that the buildings were unfit for human occupancy. *Id*. at 40. We remanded the case to the Board for further proceedings consistent with our Opinion in *Levitt I*. *Id*. No application for permission to appeal our decision in *Levitt I* was filed, and our decision in *Levitt I* became final on January 3, 2013.

Upon remand, in March of 2013, the Oak Ridge Board of Building and Housing Code Appeals ("the Board") held a hearing "to declare the subject property unfit for human occupation and use as set out in [*Levitt I*] . . . ." After the hearing, the Board entered an order on April 5, 2013 ("2013 Board's Order") finding that the subject buildings were "still in violation of City Codes and not fit for human occupancy and use . . . ," and ordered, as pertinent, that a separate hearing be held at a later date with regard to the issue of demolition of the subject buildings.

In June of 2013, Plaintiff filed with the Trial Court a Second Complaint for Appeal, Certiorari, and Supersedeas, or in the alternative to Supersedeas, for an Injunction ("Second Complaint") against Defendants seeking to overturn the 2013 Board's Order. Defendants filed a motion to dismiss asserting, among other things, that Plaintiff's suit was barred by res judicata. After a hearing the Trial Court entered its order on October 28, 2013 finding and holding, *inter alia*:

> [T]he issues raised by the Plaintiff have already been litigated by this Court and the Tennessee Court of Appeals in *Joseph J. Levitt, Jr. v. City of Oak Ridge, Oak Ridge Board of Building and Housing Code Appeals and Denny Boss*, Anderson County Chancery Court No. 11CH2768, Court of Appeals No. E2011-02732-COA-R3-CV. The only issue on remand from the Court of Appeals is a determination of whether the buildings should be demolished. The Motion to Dismiss is well taken and it is hereby granted.

Plaintiff appeals the dismissal of his suit.

## Discussion

Although not stated exactly as such, Plaintiff raises two issues on appeal: 1) whether the Trial Court erred in dismissing his suit on the ground of res judicata; and 2) whether the Trial Court erred in not requiring the filing of a transcript of the hearing held before the Board. Defendants raise an issue regarding whether Plaintiff's appeal is frivolous entitling them to an award for damages.

We first consider whether the Trial Court erred in dismissing Plaintiff's suit on the ground of res judicata. "A trial court's decision that a subsequent lawsuit is barred

-4-

by principles of res judicata presents a question of law which this court reviews de novo." *In re: Estate of Boote*, 198 S.W.3d 699, 719 (Tenn. Ct. App. 2005). Our Supreme Court has discussed res judicata and collateral estoppel stating:

> The term "res judicata" is defined as a "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action . . . . [T]o be applicable, it requires identity of cause of action, or person and parties to action, and of quality in persons for or against whom claim is made." Black's Law Dictionary 1172 (5th ed. 1979)(citations omitted). We have recently discussed the doctrine and its related counterpart, collateral estoppel, as follows:
>
> > The doctrine of res judicata bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit.
>
> *Goeke v. Woods,* 777 S.W.2d 347, 349 (Tenn. 1989)(quoting from *Massengill v. Scott,* 738 S.W.2d 629, 631 (Tenn. 1987)). Res judicata and collateral estoppel apply only if the prior judgment concludes the rights of the parties on the merits. *A. L. Kornman Co. v. Metropolitan Gov't of Nashville & Davidson County,* 216 Tenn. 205, 391 S.W.2d 633, 636 (1965). One defending on the basis of res judicata or collateral estoppel must demonstrate that 1) the judgment in the prior case was final and concluded the rights of the party against whom the defense is asserted, and 2) both cases involve the same parties, the same cause of action, or identical issues. *Scales v. Scales,* 564 S.W.2d 667, 670 (Tenn. App. 1977)*, cert. denied*, (Tenn. 1978).

*Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995).

In his brief on appeal, Plaintiff argues that the issues raised in the Second Complaint could not have been litigated in *Levitt I* because they involve things that happened after this Court decided *Levitt I,* such as the hearing of the Board which led to the entry of the 2013 Board's Order. A careful and thorough review of Plaintiff's Second Complaint, however, reveals that Plaintiff simply is attempting to re-raise and re-litigate the same issues

which were finally decided by this Court in *Levitt I*. The only thing left to be done by the Board on remand pursuant to *Levitt I* was, as the Trial Court stated, to determine "whether the buildings should be demolished."

The Board hearing and the 2013 Board's Order  acknowledged our Opinion in *Levitt I*, correctly stated that the Board's "original Order was upheld by the Court of Appeals and is a Final Order which declared the structure(s) located on the Property unfit for human occupancy or use," and ordered that a separate hearing be held at a later date on the issue of demolition, which was the only issue we remanded to the Board in *Levitt I*. The fact that the Board held a hearing and acknowledged our Opinion in *Levitt I*, does not constitute new facts or a change in facts that altered the legal rights and relations of the parties, which might, in some circumstances, justify later consideration of rights or the re-examination of an issue. *See In re: Estate of Boote*, 198 S.W.3d at 719 (stating: "A prior judgment or decree does not prohibit the later consideration of rights that had not accrued at the time of the earlier proceeding or the re-examination of the same question between the same parties when the facts have changed or new facts have occurred that have altered the legal rights and relations of the parties."). Plaintiff is attempting with his Second Complaint to obtain another 'bite at the apple,' to which Plaintiff is not entitled.

Both *Levitt I* and Plaintiff's Second Complaint involve the same parties and the same issues. The judgment in *Levitt I* is final and concluded the rights of the parties except as to the sole issue with regard to demolition, which in *Levitt I* this Court remanded to the Board for re-consideration. As best as we can tell from the record on appeal, the issue with regard to demolition has not yet been decided or even considered by the Board upon remand. As such, the issue with regard to demolition is not yet ripe for review. With regard to all other issues raised by Plaintiff in his Second Complaint, we find no error in the Trial Court's dismissal of Plaintiff's claims because this suit is barred by res judicata[1].

Finally, we consider the issue raised by Defendants regarding whether Plaintiff's appeal is frivolous. "'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.'" *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). In pertinent part, Tenn. Code Ann. § 27-1-122 addresses damages for frivolous appeals stating:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the

---

[1]Our determination regarding Plaintiff's first issue renders Plaintiff's second issue moot.

appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122 (2000).

As discussed more fully above, Plaintiff's Second Complaint is simply an attempt to re-litigate issues which were fully and finally decided in *Levitt I*. As such, Plaintiff's appeal of the Trial Court's dismissal of his Second Complaint is devoid of merit. We, therefore, hold this appeal to be frivolous and remand to the Trial Court for a determination of the proper award of damages to Defendants for Plaintiff's frivolous appeal.

After determining the proper award of damages for frivolous appeal, the Trial Court is directed to remand this case to the Board "to accept relevant evidence and testimony regarding the value of the subject buildings and the cost to repair them and to reach a decision [regarding demolition] based on that evidence," in compliance with our Opinion in *Levitt I*. *Levitt I*, 2012 Tenn. App. LEXIS 753, at \*38.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for a determination of damages for frivolous appeal, for remand to the Board, and for collection of the costs below. The costs on appeal are assessed against the appellant, Joseph J. Levitt, Jr., and his surety.

_____
D. MICHAEL SWINEY, JUDGE