IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 4, 2026 Session

## PROJECT REFLECT v. JOAN ANDERSON ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 24C-1995      Amanda Jane McClendon, Judge**

___

### No. M2025-00157-COA-R3-CV

___

This is an appeal from the dismissal of a nonprofit corporation's complaint pursuant to the doctrine of prior suit pending because the nonprofit had previously filed a lawsuit in another court against the same defendant based on similar claims. The nonprofit appealed. After review, we have determined that the circuit court correctly dismissed the complaint. We also use our discretion to deny the appellee's request for fees under the frivolous appeal statute.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., C.J., and W. NEAL MCBRAYER, J., joined.

Nicholas D. Bulso, Brentwood, Tennessee, for the appellant, Project Reflect.

John O. Belcher and Lindsay R. Chrise, Brentwood, Tennessee, for the appellees, Joan Anderson and Revocable Trust of Joan Anderson.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

This case involves two complaints, one filed in Davidson County Chancery Court and one filed in Davidson County Circuit Court. On January 20, 2023, Project Reflect[1] filed a complaint in chancery court, naming Joan Anderson, both in her individual capacity and as trustee of the Revocable Trust of Joan Anderson, as the defendant. On August 16, 2024, Project Reflect filed a complaint in circuit court, also naming Joan Anderson, both

___

[1] Project Reflect is a nonprofit corporation located in Davidson County that operates the Smithson Craighead Academy, a charter school in Nashville.

individually and as trustee, as the defendant. This appeal concerns the circuit court's order granting Ms. Anderson's motion to dismiss for prior suit pending.

The circuit court complaint alleged[2] that Ms. Anderson had breached a repurchase agreement relating to a piece of real property located at 951 Windrowe Dr. in Nashville ("the property") that had been used to house the School Sisters of St. Francis ("SSSF"), an international congregation of Catholic sisters who served as administrators and teachers at Smithson Craighead Academy. Project Reflect purchased the home in 2001, and Ms. Anderson purchased the property from Project Reflect in 2005. The circuit court complaint further alleged that, as a part of the purchase, Ms. Anderson and Project Reflect entered into two agreements: a Purchase and Sale Agreement ("the purchase agreement") and a "Contract for SSSF Residency At 951 Windrowe Drive" ("the residency contract"). Both the purchase agreement and the residency contract stated that Ms. Anderson would maintain the house as a residence for the School Sisters of St. Francis as long as members of that religious order choose to live in it in unbroken succession.[3] Additionally, the residency contract required Ms. Anderson to maintain the property in good condition and "in the same manner as the SSSF will have been living in the House." If Ms. Anderson failed or was unable to maintain the house, the residency contract provided for a repurchase option for Project Reflect.[4]

The complaint further alleged that, in June 2022, Ms. Anderson asked the sisters to leave the property. After the sisters raised the residency contract's requirement that she

---

[2] We take the facts as alleged by Project Reflect in the circuit court complaint as true for the purposes of determining whether the circuit court properly granted the motion to dismiss.

[3] According to the circuit court complaint, the purchase agreement provided as a condition of the sale that: "Buyer agrees to maintain house as a residence for School Sisters of St. Francis as long as members of that religious order choose to live in it in unbroken succession of residents starting at the time of purchase of property by buyer." The residency contract allegedly contained a similar provision, which provided that:

> A condition for the sale of the House is that Buyer agrees to let SSSF live in the House as long as they chose to do so in unbroken succession. As long as there is an SSSF sister living in the House, Buyer will maintain the House and property in good condition for SSSF residency in the same manner as the SSSF will have been living in the House up to the date of the transfer of property to Buyer.

[4] The repurchase option as contained in the residency contract provided that:

> If Buyer or her agent/s are unable to maintain the House and property in good condition for SSSF residency while SSSF choose to live in the House, the following action shall result:
> • Project Reflect will have the option to repurchase the House for a price of $1.00 plus closing costs
> • Project Reflect will give the Buyer or Buyer's agent/s a donation receipt in the amount of the difference between the appraised price of the House and the closing costs.

provide the house as accommodations for the sisters, Ms. Anderson did not require them to vacate the property, but stated that she would no longer pay for utilities, maintenance, upkeep of the house, or lawn services. On August 16, 2024, Project Reflect notified Ms. Anderson that it was exercising the repurchase option, which Ms. Anderson contested. The circuit court complaint sought damages and specific performance of the repurchase option.

In the circuit court complaint, Project Reflect stated that it was asserting the claims in the alternative to claims it had asserted in the chancery court complaint, in which Project Reflect had alleged that the conveyance of the property was fraudulent and disputed the validity of the sale of the home and asserted claims for fraud, defamation of title, trespass and ejectment, and for the entry of a declaratory judgment that the warranty deed that conveyed the property was void.

Relying on the chancery court lawsuit, Ms. Anderson filed a motion to dismiss the circuit court complaint in September 2024, arguing that dismissal was required under the doctrine of prior suit pending. The motion asserted that, in her answer to the chancery court complaint, Ms. Anderson had asserted a counterclaim for a declaratory judgment against Project Reflect that concerned the same purchase agreement and contract and that all other elements of that doctrine were met.[5] In response, Project Reflect asserted that Ms. Anderson's declaratory judgment claim was impermissibly vague and that the prior suit pending doctrine did not bar the claim because the complaints did not concern identical subject matter.

---

[5] The relevant portions of the counterclaim are as follows:

> Any right or option created by the Purchase Agreement, Residency Agreement, and/or Management Agreement relating to housing for the School Sisters of Saint Francis could only be enforced by the School Sisters of Saint Francis, and conferred no right upon Project Reflect or the Reflect Mission Community, or, any right purportedly conveyed to Project Reflect or the Reflect Mission Community was extinguished when the School Sisters of Saint Francis ceased their use of the Property, thus breaking the chain of use, which has remained broken for almost six months as of the filing of this Amended Counterclaim.
> . . .
> Specifically, any right or option purportedly created by the Purchase Agreement, Residency Agreement, and/or Management Agreement lapsed and became null and void when the School Sisters of Saint Francis ceased their use of the Property, thus breaking their chain of use, which has remained broken for almost six (6) months as of the filing of this Counterclaim.
> . . .
> Accordingly, Ms. Anderson respectfully requests that this honorable Court declare that Project Reflect does not have any right, title, interest, or option in the Property that derives in any way from any provision in the Purchase Agreement, Residency Agreement, or Management Agreement relating to use of the Property by the School Sisters of Saint Francis.

On January 6, 2025, the circuit court entered an order granting Ms. Anderson's motion to dismiss, finding that the circuit court complaint and Ms. Anderson's declaratory judgment counterclaim concerned the same subject matter and that all other elements of the prior suit pending doctrine were met. Project Reflect appealed the dismissal. On June 13, 2025, Project Reflect filed a motion in this Court seeking a stay of the chancery court litigation, in which it stated that it had filed an amended complaint in the chancery court setting out the claims from the circuit court litigation and attaching the relevant pleadings. Ms. Anderson also filed a motion for this Court to take judicial notice of the amended complaint filed by Project Reflect in the chancery court. On June 26, 2025, this Court denied the stay and granted the motion to take judicial notice of the chancery court records.

Project Reflect presents the following issues: (1) did the circuit court err by finding the defendant's claim for declaratory relief was sufficient for application of the prior suit pending doctrine; and (2) does the prior suit pending doctrine apply to unaccrued claims based on new facts that arose after the filing of the previous complaint? Ms. Anderson presents the additional issue of whether she should be awarded her attorney's fees under the frivolous appeal statute.

STANDARD OF REVIEW

The propriety of a trial court's decision to dismiss a case pursuant to the doctrine of prior suit pending is a question of law that courts review de novo, with no presumption of correctness. *Farmers Ins. Exch. v. Shempert*, No. W2013-01059-COA-R3-CV, 2014 WL 407903, at *2 (Tenn. Ct. App. Feb. 3, 2014).

ANALYSIS

I

At the outset, we note what is not before this Court in this appeal: the merits of either the chancery or circuit court cases. This appeal concerns only whether the circuit court correctly found that the complaint in that court should be dismissed under the doctrine of prior suit pending. This Court recently explained the doctrine of prior suit pending thusly:

> "The prior suit pending doctrine is derived from the ancient common-law rule prescribing that a person 'shall not be . . . twice vexed for one and the same cause.'" *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 622 (Tenn. 2008) (quoting *Sparry's Case*, (1591) 77 Eng. Rep. 148, 148 (Exch.)). Reflecting on the roots and rationale of the rule, the Tennessee Supreme Court referenced an 1800s commentator who addressing the prior suit pending doctrine observed the following:

The law abhors multiplicity of actions; and therefore whenever it appears on record, that the plaintiff had sued out two writs against the same defendant for the same thing, the second writ shall abate; for if it were allowed that a man should be twice arrested, or twice attached by his goods for the same thing, by the same reason he might suffer *in infinitum*; . . . if there was a writ in being at the time of suing out the second, it is plain the second was vexatious, and ill *ab initio*.

*Id.* at 622-23 (quoting 1 Matthew Bacon, *A New Abridgement of the Law* 22 (7th ed. London, Strahan 1832)). The four elements to a defense of prior suit pending are as follows: "1) the lawsuits must involve identical subject matter; 2) the lawsuits must be between the same parties; 3) the former lawsuit must be pending in a court having subject matter jurisdiction over the dispute; and 4) the former lawsuit must be pending in a court having personal jurisdiction over the parties." *Id.* at 623.

*Arnold v. Allstate Ins. Co.*, No. M2023-00536-COA-R3-CV, 2024 WL 95577, at *6 (Tenn. Ct. App. Jan. 9, 2024) (footnote omitted).

From Project Reflect's briefing, it does not appear that it disputes the circuit court's determinations regarding elements two, three, or four. There is no doubt that both lawsuits are between Ms. Anderson, individually and as trustee of the Revocable Trust of Joan Anderson, and Project Reflect. The chancery court has subject matter jurisdiction over the former lawsuit that is still pending. *See* Tenn. Code Ann. § 16-11-102 and -114. There is also no dispute that the chancery court has personal jurisdiction over the parties in the lawsuit that is pending before it.

All of Project Reflect's arguments on appeal are directed towards the first element: whether the complaints concern identical subject matter. Project Reflect's argument unfolds in two halves. First, it asserts that Ms. Anderson's amended counterclaim was deficient such that it cannot serve as the basis for dismissal under the doctrine of prior suit pending. Second, Project Reflect asserts that the claims in the circuit court complaint— Ms. Anderson's alleged breach of the repurchase agreement and residency contract—did not occur until after the filing of the chancery court complaint, meaning the claim did not "accrue" until after the filing of the chancery court complaint and that, therefore, the two complaints do not concern the same subject matter. This, Project Reflect asserts, prevents dismissal under the prior suit pending doctrine. Both arguments fail for similar reasons.

Project Reflect asserts that Ms. Anderson's counterclaim cannot serve as the basis for dismissal under the prior suit pending doctrine because it was deficient in numerous respects and constituted an impermissible attempt to "bootstrap" claims. Although we have taken judicial notice of some of the record from the chancery court lawsuit, that case is not

presently before us; only the circuit court case is. Therefore, it would be inappropriate to determine whether Ms. Anderson sufficiently asserted a counterclaim for a declaratory judgment, especially in light of the ongoing nature of the chancery court litigation.[6] Nor would it be necessary. When determining whether two lawsuits concern the same subject matter, we look beyond the "claims asserted by the plaintiff in his complaint" and instead assess the entirety of "the subject matter of the lawsuit." *Shempert*, 2014 WL 407903, at *3. Moreover, "the doctrine applies not only to issues actually raised in the first suit, but also to issues that could have been raised regarding the same subject matter." *Fid. & Guar. Life Ins. Co. v. Corley*, No. W2002-02633-COA-R9-CV, 2003 WL 23099685, at *4 (Tenn. Ct. App. Dec. 31, 2003); *see also Tallent v. Sherrell*, 184 S.W.2d 561, 563 (Tenn. Ct. App. 1944) ("Indeed, . . .all issues which are made or might be made concerning the same subject matter must be determined in that Court which acquires jurisdiction first."). Stated another way, courts applying this doctrine examine whether the issue *could* have been raised—not whether a party's pleading sufficiently raised those issues in the prior lawsuit. Therefore, whether Ms. Anderson's counterclaim is sufficient under the statute is a potential matter for another day.

Project Reflect also asserts that the two lawsuits do not concern the same subject matter because "Ms. Anderson did not breach [the residency contract], and [Project Reflect's] breach of contract and specific performance claims did not accrue" until after Project Reflect filed the chancery court complaint. This argument is unavailing for two reasons. First, the prior suit pending doctrine is not as stringent as Project Reflect asserts. It does not contain a strict timing element; rather, it examines whether "issues that could have been raised regarding the same subject matter" were present, *Corley*, 2003 WL 23099685, at *4, i.e., whether an issue could have been raised in the first court, even if it was not. Project Reflect certainly could have litigated this claim in the chancery court because it amended its complaint in the chancery court to litigate this specific issue. The chancery court records of which we took judicial notice include an amended complaint by Project Reflect that asserts the same issues raised in the circuit court complaint almost word-for-word. Project Reflect's chancery court lawsuit raises the same issues it sought to present to the circuit court.

Second, Project Reflect's argument is unavailing because Ms. Anderson's counterclaim, and similarly the chancery court lawsuit as a whole, concerns the same subject matter as the circuit court complaint. The test for whether two lawsuits concern the same subject matter is whether the judgment in the first lawsuit could be pleaded in the second suit as a bar to the second suit. *Erie Ins. Exch. v. Rose*, No. M2011-02495-COA-R3-CV, 2012 WL 3027224, at *2 (Tenn. Ct. App. July 24, 2012) (citing *Tallent*, 184

---

[6] Through its motion to stay the chancery court lawsuit, Project Reflect informed this Court that the chancery court had denied a stay and that the litigation in that court would continue during the pendency of this appeal absent a stay, which we denied. The parties have not filed anything indicating that the chancery court litigation has been delayed or has proceeded to a final judgment.

S.W.2d at 563). "Accordingly, 'to determine whether the same subject matter is involved in both suits, a court must consider whether a judgment in the first suit would bar litigation of an issue in the second suit under *res judicata* principles.'" *Arnold*, 2024 WL 95577, at *6 (quoting *Corley*, 2003 WL 20399685, at *4).[7] "Under res judicata principles, two suits involve the same cause of action if they concern the same transaction or occurrence." *Thomas Builders, Inc. v. CKF Excavating, LLC*, No. M2021-00843-COA-R3-CV, 2023 WL 3792712, at *2 n.1 (Tenn. Ct. App. June 2, 2023) (citing *Creech v. Addington*, 281 S.W.3d 363, 380-81 (Tenn. 2009)). "'[T]he concept of a transaction is . . . used in the broad sense,' and 'connotes a natural grouping or common nucleus of operative facts.'" *Creech*, 281 S.W.3d at 380 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24 cmt. b).

The two lawsuits concern the same transaction or occurrence because both litigate the residency contract; i.e., they seek to resolve an issue arising from a common nucleus of operative facts related to that contract. Ms. Anderson's counterclaim seeks a declaration regarding the parties' rights under the residency contract and purchase agreement. Project Reflect seeks to litigate whether Ms. Anderson later breached these same documents. Should either party receive a favorable judgment in the chancery court lawsuit, this could be pleaded as a bar to the second lawsuit. Therefore, allowing both lawsuits to continue would risk inconsistent judgments regarding the same subject matter. The prior suit pending doctrine "is a doctrine of judicial comity and efficiency," *Thomas*, 2023 WL 3792712, at *2 n.1, and dismissal of the circuit court complaint serves these goals. All four elements of the prior suit pending doctrine were met in this case, and we affirm the circuit court's decision.

II

Ms. Anderson seeks her appellate attorney's fees pursuant to Tenn. Code Ann. § 27-1-122, commonly known as the "frivolous appeal" statute, which gives this Court the discretion to award fees "[w]hen it appears to any reviewing court that the appeal . . . was frivolous or taken solely for delay[.]" Appeals are frivolous when they are "'devoid of merit'" or when "'there is little prospect that'" they will succeed. *Levitt v. City of Oak Ridge*, 456 S.W.3d 547, 551 (Tenn. Ct. App. 2014) (quoting *Morton v. Morton*, 182 S.W.3d 821,

---

[7] Project Reflect attempts to incorporate a full res judicata analysis into the doctrine of prior suit pending. However, while the doctrines of prior suit pending and res judicata are "closely intertwined" doctrines, they remain separate. *Arnold*, 2024 WL 95577, at *6 (citing *White v. White*, 876 S.W.2d 837 (Tenn. 1994)). Project Reflect argues that, because Ms. Anderson had not breached the contract when it filed the chancery court complaint, those rights had not yet accrued, and res judicata would not bar a subsequent lawsuit. Project Reflect's reliance on *White* is misplaced, however, because that case concerned whether the passage of time after a final judgment constituted new facts or whether the issue was barred by res judicata. *White*, 876 S.W.2d at 839. In the present matter, the chancery court lawsuit had not reached a final judgment and was ongoing. Therefore, Project Reflect's argument that "a prior judgment or decree does not prohibit the later consideration of rights that had not accrued at the time of the earlier proceeding" misses the mark because there had been no "prior judgment or decree" from which time may pass or new facts may be discovered.

838 (Tenn. Ct. App. 2005) (citation modified)). Our discretion to determine that an appeal is frivolous should be "exercised 'sparingly so as not to discourage legitimate appeals.'" *Duke v. Duke*, 563 S.W.3d 885, 906 (Tenn. Ct. App. 2018) (quoting *Eberbach v. Eberbach*, 535 S.W.3d 467, 475 (Tenn. 2017) (citation modified)).

We have determined that Project Reflect's appeal "was not so devoid of merit" as to make it frivolous. *Id.* Therefore, we exercise our discretion to deny Ms. Anderson's request.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Project Reflect, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE